A. A. LADD, et al. Appellant, vs. JOHN E. D. COUZINS, garnishee of Nicholas Walton, Respondent.

1. *Garnishment—Allowance to garnishee cannot be made after term at which judgment is rendered.*—An allowance to a garnishee is a part of the costs in the case and cannot be granted after the term at which final judgment is rendered, either in the lower or appellate court.

*Appeal from St. Louis Circuit Court.*

*Krum & Patrick*, for Appellant.

*A. N. Crane and C. S. Hayden*, for Respondent.

EWING, Judge, delivered the opinion of the court.

At the March term 1871 of the St. Louis Circuit Court, in special term, an allowance was made to Couzins as garnishee of Walton, which was is in the following words namely, "Now at this day comes the said garnishee, J. E. D. Couzins by his attorney, and on his motion it is ordered by the court that said garnishee be allowed the sum of two hundred dollars as an indemnity for the time and trouble expended by said garnishee, and it is further ordered that said allowance be taxed as costs against said plaintiffs, and that execution issue therefor."

A motion "for a new trial" was filed, alleging among other things "*that the judgment againt the plaintiff is ordered to be taxed as costs*" and that the allowance is excessive—which motion was overruled. An execution having been issued, plaintiffs in July 1871 filed a petition for a stay thereof, which was also overruled. The Judgment having been affirmed at general term, the cause is brought here by appeal. The original proceeding against Couzins as garnishee of Walton was commenced in 1862 and resulted in his discharge. Whereupon a motion for a new trial was filed by plaintiffs, which being overruled the cause was taken by appeal in November 1862 to this court, where at the June term 1865, the judgment was reversed, and the cause remanded. After the cause was remanded, Couzins filed an amended answer to the interrogatories, to which a denial was filed by the plaintiff, and the cause having been continued from time to time was tried again in March 1868, and the garnishee discharged. This Judgment,

on-appeal to the general term, was affirmed in May 1868, from which affirmance, an appeal was taken to this court. An allowance to Couzins was made as already stated in March 1871, by the court at special term. The question presented by the record for our consideration is, can the order of allowance to the garnishee be made after final judgment is rendered discharging him, and after the term of the court at which it is rendered? This involves the construction of the following provision of the statute, namely: "If any plaintiff in attachment shall cause any person to be summoned as garnishee and shall fail to recover judgment against such garnishee, all the costs attending such garnishment shall be adjudged against such plaintiff; and the court shall render judgment in favor of such garnishee against the plaintiff, for a sum sufficient to indemnify him for his time and expense, and reasonable attorney's fees in attending and answering and defending in subsequent proceedings, as garnishee." (1 W. S. 66, § 227.)

There is some obscurity in the statute arising from the use of language, which at first view, seems to make it doubtful whether the allowance to the garnishee for his expenses is inseparable from the general costs in the case, and forms a component part of the judgment rendered in his favor. By the first clause of the section, the garnishee on his being discharged is entitled to judgment for costs *eo nomine*. Under the last clause, he is entitled to a judgment for such sum as will indemnify him for his loss of time and for his expenses in defending the suit.

If the garnishee is obliged to assume the attitude of a litigant, he is entitled to something more than the ordinary costs if the result of the litigation justifies his resistance to plaintiff's claim. The expenses he incurs in thus resisting it, are, like the ordinary costs, but incidents of the litigation. His right to both originates in the same way, and attaches at the same time. In one case, the law has fixed the amount that may be recovered, in the other the court must determine it. The costs are simply the expenses incurred by the parties in the prosecution and defense of the suit; the allowance to the garn-

ishee cannot be regarded in any other light than as costs and should be taxed as such. It follows from this view that the allowance cannot be made after the term at which the judgment discharging the garnishee is rendered inasmuch as it forms a compontent part of the judgment. It is said that such a construction of the statute would deprive the garnishee of any allowance for expenses, in case of a further prosecution of the case by appeal or writ of error. The answer to this is, that if in such case there should be a reversal of the judgment, no such prejudice could result to the garnishee; for if on a new trial he should again obtain a judgment, the expenses he incured by reason of the appeal would of course form a part of the allowance. If on the contrary the judgment should be affirmed in the appellate court, an allowance can be made the garnishee in that court for attorney's fees which it might become necessary for him to pay for services rendered there. Although this court has not been called upon heretofore to construe this statute with reference to the proper practice under it in cases like that under consideration, it has received a *practical* construction from this court in conformity with the conclusion to which we have arrived. In Davis, *et al.*, vs. Meredith, *et al.*, 48 Mo., 263, an allowance was made the garnishee for counsel fees in this court without any question as to the propriety of such practice. The Judge who delivered the opinion says, the allowance to the garnishee was for *answering*, but this is evidently a mistake. It could have been for nothing else except counsel fees. This is the construction of the law that will accomplish its purpose, namely; to indemnify the garnishee for expenses incurred by him in the litigation through all its stages, in the appellate as well as in the Circuit Court, unless these expenses are something different from costs and form the subject of an independent demand against the plaintiff, for which a distinct judgment might be rendered, which as I have endeavored to show, cannot be so regarded.

Judgment reversed, the other judges, except Judge Sherwood who is absent, concur.