MATTHEW R. MANN, Appellant, v. WILLIAM WARNER, Respondent.

### Kansas City Court of Appeals, June 14, 1886.

PRACTICE—RE-TAXING COSTS—POWERS OF CIRCUIT COURT—CASE ADJUDGED.—There can be no question, under our statute and practice of the power of the circuit court, on motion, at a term subsequent to that at which judgment was entered, to re-tax the costs. But the statute authorizes this in a case where the duty of taxing the costs devolves, in the first instance, upon the clerk of the court. It applies to the instance where the clerk in the performance of such ministerial act, has, through mistake, inadvertence, or misconception, and the like, omitted or included some proper or improper item of costs against the party complaining. The law, in such cases, recognizes the right of the complainant to have the judgment of the court on this imposition, and permits the summary proceeding by motion. *Held*, that the facts of this case are such as not to bring it within this rule; the imposition of costs *here* being a part of the judgment of the court, at a preceding term, and which was not appealed from.

APPEAL from Daviess Circuit Court, HON. C. H. S. GOODMAN, Judge.

*Affirmed.*

The case is stated in the opinion.

OSCAR SAYLOR and HICKLIN & YATES, for the appellant.

I. The lower court had power to re-tax costs at a subsequent term. *State ex rel. Clinton County v. Hann. & St. Joe. R. R. Co.*, 78 Mo. 575. When the *record* of the court shows an erroneous taxation of costs, the court, at a subsequent term, may set aside its former action and re-tax, although such first taxation was *adjudged* and *ordered* by the court, and upon the lower court's refusal

to re-tax, the appellate court, being possessed of the record, will reverse such action of the lower court, and order the costs re-taxed. *Ashby v. Glasgow*, 7 Mo. 320. The cause at issue and the case of *Ashby v. Glasgow, supra*, are almost identical.

II.   The defendant, not having complied with the provisions of section 3658, Revised Statutes, the court had no discretion in the matter, and could only adjudge costs in favor of the plaintiff, under section 990, Revised Statutes.

RUSH & ALEXANDER, for the respondent.

I.   The court very properly overruled the motion to re-tax costs, as it was then too late to raise that issue. The suit had been tried and judgment rendered at the February term, and the costs taxed by the clerk, as ordered by the court. If the court committed error in adjudging the costs complained of, against the plaintiff, his remedy was in the usual way—by motion for a new trial, and appeal. The motion to re-tax has the effect of revising or altering the judgment rendered at the February term, which will not be allowed. *Hill v. City of St. Louis*, 20 Mo. 586; *Wilson v. Boughton*, 50 Mo. 17; *Ashby v. Glasgow*, 7 Mo. 320.

II.   A judgment is the final determination of the rights of the parties in the action (sect. 3672, Rev. Stat.), and in all civil actions, or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases where a different provision is made by law. Sect. 990, Rev. Stat. The court adjudged the costs complained of as provided by section 3658, Revised Statutes.

III.   The provisions of the statute relating to the re-taxation of costs have no application and were not intended to correct errors complained of by appellant in his motion. Sects. 1010, 1011, Rev. Stat.

PHILIPS, P. J.—In January, 1885, there was a suit

pending in the Daviess circuit court, wherein the respondent was defendant and the appellant was plaintiff. The defendant served notice making tender to plaintiff therein of ten dollars in settlement of the claim.

This notice was served upon the attorney of record of the plaintiff. At the trial of the cause, during the next February term of said court, the plaintiff recovered judgment for the sum of five dollars only against the defendant. As the sum recovered was less than the amount so tendered by the defendant, he claimed that all the costs should be taxed against the plaintiff, which accrued subsequent to the date of the tender. The court accordingly adjudged, "that plaintiff have judgment against the defendant for the sum of five dollars, and it is further adjudged by the court that all cost accruing since January 17, 1885, be taxed against plaintiff," etc. After the adjournment of that term of court the plaintiff gave notice to the defendant that, at the next term of court, he would move the court to re-tax the costs therein. The parties appeared accordingly at the term so named, and the plaintiff made his motion. The grounds of this motion were that the notice of tender served by defendant in the original action, was served on plaintiff's attorney, and not on the plaintiff personally, and, therefore, the court improperly adjudged the costs as aforesaid against the plaintiff. This motion the court denied, and from this action of the court the plaintiff prosecutes this appeal.

I. The contention of appellant is that the notice of the tender, or proposed compromise should have been served on him in person to warrant the court in awarding costs as it did. But I take it that the controlling question on this appeal is, did the circuit court, on mere motion, at a term of court subsequent to that at which the judgment was rendered, have the power to revise that judgment and re-tax the costs differently?

There can be no question, under our statute and practice, of the power of the circuit court, on motion, at a term subsequent to that at which judgment was ren-

dered, to re-tax the costs. *State ex rel. Clinton County v. The H. & St. Joe. R. R. Co.*, 78 Mo. 575.

But it must be kept in mind that the statute authorizes this, as indicated in the opinion in the case *supra*, in a case where the duty of taxing the costs devolves in the first instance upon the clerk of the court, a function performed by him ministerially after judgment is rendered, and, usually, after the final adjournment of the court. It applies to the instance where the clerk, in the performance of such ministerial act, has, through mistake, inadvertence, or misconception, and the like, omitted or included some proper or improper item of costs against the party complaining. The law in such case recognizes the right of the complainant to have the judgment of the court on this imposition; and permits the matter to be presented for review in the summary proceeding by motion.

Had the clerk under the judgment in this case improperly taxed some item of cost not within the purview of the judgment, or not allowable by statute, as costs, the plaintiff, by motion, could have had the execution or fee bill corrected by re-taxing the costs, so as to rectify the error of the clerk.

But such is not this case. No such imputation is made against the action of the clerk. There is no pretense that the costs complained of do not come within the terms of the judgment of the court. On the contrary, the question as to who should pay this cost, was the very matter brought to the attention of the circuit court, when the cause was being adjudicated on its merits, and was solemnly determined and adjudged by the court to be taxed against the plaintiff. The clerk of the court had no discretion as to the party against whom he should issue the execution or fee bill for this cost. The plain object and effect, therefore, of the proceeding now under review, is to have the circuit court at a subsequent term, re-consider its solemn judgment, and make a different award as to the party who shall pay the costs. The bare statement of the proposition carries on its face its inad-

missibility. No rule of law and practice is better settled than that where final judgment is rendered in a cause, if it be erroneous, the court may, during the term, correct it; for during the term the cause remains in the breast of the court. But after the lapse of the term the control of the court over the matter is at an end. It has no power to vacate its solemn judgment and make another adjudication at a subsequent term.

If the court erred in the award made respecting the costs, the plaintiff's remedy was by motion during the term, within four days, for a new trial, and if the court refuse to correct its error it would have invited an appeal or writ of error. *Ashby v. Glasgow*, 7 Mo. 320; *Hill v. City of St. Louis*, 20 Mo. 586-7; *Wilson v. Boughton*, 50 Mo. 17.

The circuit court, therefore, properly overruled the motion, and its judgment is affirmed. All concur.