Clark v. Hill.

C. P. CLARK *et al.*, Appellants, v. BRITTON A. HILL *et al.*, Respondents.

**St. Louis Court of Appeals, November 27, 1888.**

1. **Costs:** ALLOWANCE TO REFEREE. A refusal by the court to re-tax costs so as to strike out the compensation claimed by a referee for his services is, in effect, an allowance of his fee, within the meaning of section 3626, Revised Statutes.

2. **Costs:** DEPOSITIONS FROM ANOTHER STATE. Officers who perform services in the taking of depositions in another state are not entitled to an allowance of fees therefor, when no commission has issued from this state, authorizing them to perform such services.

3. **Costs:** RE-TAXATION. Costs may be re-taxed on motion at a term subsequent to that in which the judgment was rendered.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

REVERSED.

*M. Kinealy* and *James R. Kinealy*, for the appellants.

The main objection is to the item of four hundred dollars, taxed as costs for the fee of the referee. This claim of four hundred dollars has no right to be considered costs and cannot be collected on execution. The referee's right to compensation, as costs, rests on section 3626, Revised Statutes. "Referees, in the absence of

Clark v. Hill.

any special agreement, shall receive such compensation
for their services as the court in which the case
is pending may allow, not exceeding ten dollars per
day.'' It is plain, that before any fee to the referee can
be taxed as costs, the question of amount must have
been submitted to the consideration of the court and a
judicial determination of the matter had, on such evi-
dence as should satisfy the court. And this is not only
common sense, but the law. The referee is not author-
ized to fix his own fee and could not be so authorized.
He cannot sit in his own cause, nor was any such ques-
tion referred to him for adjudication. And it is well set-
tled in this state that where an "allowance" has to be
made by a court to an officer, the fee of such officer does
not attain to the dignity of "costs" until the allowance
is made by the court. *State v. Vesel*, 47 Mo. 416.

*Reynolds & Lewis*, for the respondents.

It will be seen that the referee's claim for compensa-
tion is embodied in and attached to his report as
Exhibit "B." To the report of the referee plaintiff filed
objections, but did not base any of them upon the
referee's claim for compensation. After hearing the
objections to the report the court approved the same in
all respects, and judgment was entered in conformity
therewith, carrying everything contained therein.
The referee's charges in the case at bar were presented
with his report and not exceeding the limit allowed by
law, and no objections being taken by either party the
presumption follows they are reasonable, and the court
approves everything done and recommended by the
referee in general terms, and orders judgment in accord-
ance with all his recommendations which carries costs
"from beginning to end." *Hess v. Nellis*, 65 Barb.
[ N. Y. ] 443, 444.

PEERS, J., delivered the opinion of the court.

On the twentieth day of September, 1884, C. P. Clark instituted a suit in the circuit court of the city of St. Louis against Britton A. Hill on an assigned account for $2,729, the same being for "work done and services rendered by Samuel B. Gordon as attorney and counsellor at law, R. S. McDonald appearing as attorney of record for the plaintiff. On the twenty-seventh of the following October the following bond was filed :

"C. P. Clark   ⎫
    vs.        ⎬    Bond for Costs.
"Britton A. Hill. ⎭

"I acknowledge myself bound for all costs that have accrued or may accrue in the case of C. P. Clark against Britton A. Hill.

"Witness my hand and seal at St. Louis, this 19th day of September, 1884.

(Signed),        " R. S. MACDONALD, *Seal*."

On the tenth day of March, 1885, the cause was, by consent of all parties, referred to Judge T. J. C. Fagg as referee, to try all the issues therein and report thereon to the court. The record shows that Fagg after qualifying proceeded to hear the evidence, and after some forty days completed the hearing and filed his report on the twenty-seventh of March, 1887. Attached to this report and made a part of it was a detailed statement of all the costs incurred before the referee as follows :

"To Referee, T. J. C. Fagg.. ...........$400 00.
Stenographer, Goodman.............  40 00.
Costs paid by defendant.............  13 50.
Notary, Alford.....................   5 00.
Commissioner, Eagan................   3 00.
Witnesses before Referee...........  75 00."

The report of the referee (who found the issues for the defendant) was approved by the court, and judgment entered of record against the plaintiff and her

security, R. S. MacDonald, for the costs in the case.
On this judgment an execution was issued and delivered
to the sheriff of the city of St. Louis.   On this execution
MacDonald paid a few dollars and moved the circuit
court to recall the execution and re-tax the costs on the
ground that no "allowance" of the various items was
made by the circuit court; the court overruled the motion
except as to witness fees before the referee, and one or
two other immaterial matters.   The main point of con-
tention here is the fee of four hundred dollars, claimed
by Fagg for his services as referee; and the error, if
any, consists in the action of the court in overruling the
motion to re-tax the costs so far as concerns this fee.
There is no question but that Fagg rendered the ser-
vices charged for, nor is there any complaint relative to
the amount charged, the whole contention being that
the court did not "allow" the item by entering a sep-
arate judgment for the amount.

Section 3626, Revised Statutes, provides:   "Ref-
erees, in the absence of any special agreement, shall
receive such compensation for their services as the court
in which the case is pending may allow, not exceeding
ten dollars per day."   From this it is quite evident that
the referee cannot fix his own fee.   It must be allowed
by the court.   The fee of the referee was not embraced
in the report submitted, nor could he be a judge of his
own case.   The attaching of his fees to the report was
in the nature of a suggestion to the court as to the amount
which should be allowed him, and is no part of his
report.   We also think that the fees of referees must be
formally allowed by the court in proceedings where the
question of his compensation is brought to the attention
of the court, but we think that has been sufficiently
done in this case by the order which the court made on
the motion to re-tax the costs.   The referee has per-
formed the services required of him, and while it may
seem a hardship on the security on the cost-bond to pay,

it is not one that we can relieve against. The defendant is clearly not liable for it in any view under the finding and judgment of the court and it must be paid by the plaintiff. The fees allowed by the court to notary Alford of five dollars and commissioner Eagan of three dollars must be stricken out, for the reason that the record shows that those fees were for taking depositions in another state, and it nowhere appears that any commission for that purpose was issued or the issuance thereof waived under our statute. They are not therefore depositions for which costs can be compulsorily collected. R. S. sec. 2139, and following.

We see no good reason why this case should be remanded, but from the views herein expressed it follows that the judgment must be reversed. The order of the court will be that the motion to re-tax costs be sustained as to all the items complained of except the item of four hundred dollars, referee fee allowed T. J. C. Fagg, and that judgment be entered accordingly in this court.

ROMBAUER, P. J., delivered the opinion of the court on a motion for rehearing.

Complaint is made by the appellant that our position is inconsistent in holding that the referee's fees must be allowed by the court to be taxable as costs, and yet deciding that the court's refusal to re-tax the referee's costs, or to disallow such costs, is equivalent to their allowance. This complaint is more specious than sound. There must be an allowance indeed, but there is nothing in the statute or practice which prevents the court from making it upon mere inspection of the referee's report.

A judgment in favor of one party against another for costs never specifies the amount of costs in detail, and yet includes all costs legally taxable. If the costs are improperly taxed either party may move the court

for a re-taxation, and upon such motion the court may add or deduct costs taxed against either party, its action being no more than a review of the action of the clerk or sheriff in taxing costs erroneously. There is nothing in the statute which prevents this being done at a subsequent term ; on the contrary, as a matter of practice, it is almost always done at a subsequent term.

We are referred by the appellant to the case of *Ladd v. Couzins*, 52 Mo. 454, in which Judge EWING intimates that an allowance which is costs must be made at the term at which the judgment is rendered. The opinion is not well considered, yet under the constitution it would be binding upon us, if it were the last controlling decision of the supreme court. That court, however, has taken the opposite view in *Clinton v. Railroad*, 78 Mo. 575, where $319.50 was taxed by the court as attorney's fee in the case, three years after the rendition of the final judgment, and two years after the execution issued thereon had been satisfied.

There was nothing in the case at bar which would have prevented the mover from raising the question as to the amount allowed the referee on this motion. As the court had power to allow the referee's fees upon an inspection of the report, and as that report was before the court upon the hearing of the motion, we are justified, in absence of any evidence to the contrary, to infer that the refusal of the court to disallow the item was equivalent to its allowance. This holding violates no principle, and is consonant with the obvious justice of the case.

All the judges concurring, the motion for rehearing will be overruled.