STATE OF MISSOURI, to use of J. D. TULLY, Appellant, v. J. J. BICK, Respondent.

**St. Louis Court of Appeals, April 29, 1889.**

**Attachment:** GARNISHEE'S COSTS AND EXPENSES. A garnishee under attachment cannot recover by suit upon the attachment bond any expenses that might properly have been adjudged in his favor as costs in the garnishment proceeding, unless he shows that they were so adjudged.

*Appeal from the Monroe Circuit Court.*—HON. THOMAS H. BACON, Judge.

AFFIRMED.

*Bristow & Lighter*, for the appellant.

The court erred in refusing to permit relator to prove his damages, costs and charges. Even if there had been an adjudication, parol evidence is admissible to show whether a question was determined in former suit and is not necessarily conclusive as to all facts arising upon the record. *Hickerson v. Mexico*, 58 Mo. 61 ; *Armstrong v. St. Louis*, 3 Mo. App. 100 ; *Sweet v. Maupin*, 65 Mo. 65 ; *Washington, Alexandria & Georgetown S. P. Co. v. Sickels*, 5 Wallace, 580.

ROMBAUER, P. J., delivered the opinion of the court.

This is a suit upon an attachment bond, prosecuted by the relator who was summoned as a garnishee therein, against the principal in the bond who was plaintiff in the attachment suit. Upon the trial of the cause the relator took a non-suit, and after an ineffectual motion to set it aside, he prosecutes this appeal.

The petition, although inartificially drawn, sets out the giving of the bond, conditioned among other things to pay all costs and damages that may accrue to any defendant or garnishee by reason of the attachment or any process or proceeding therein. It further states that the relator was garnished as a debtor of the attachment defendant, that he filed his answer before the justice denying all indebtedness, that the plaintiff in the attachment (the defendant herein) took issue on such answer thereby subjecting the relator to expenses and attorney's fees and thereafter and before trial of such issue dismissed his attachment suit. The petition prays judgment for the penalty of the bond to be satisfied upon payment of such damages.

The defendant filed an amended answer admitting the execution of the bond, the summoning of the relator as a garnishee, and the dismissal of the proceedings. The answer denied that the relator had been put

to any expense by the garnishment, and averred that when the attachment suit before the justice was dismissed, all the costs therein were taxed against the defendant, that such dismissal was agreed on between the defendant and relator on condition that defendant should pay such costs, and such costs were subsequently paid by the defendant in compliance with the agreement. The answer was denied by reply.

Upon trial the relator gave in evidence the docket entries from the justice's docket, showing the institution of the attachment suit, the summoning of relator as garnishee and of the filing of interrogatories against him, his answer denying indebtedness, and a continuance of the case. These were all the entries touching the case in the justice's docket.

The relator then offered to prove by the justice that he appeared for trial on the day to which the cause had been continued but was told by the justice that the suit had been dismissed by plaintiff. That the suit had been in fact dismissed, but that the justice had failed to make any appropriate entry in his docket. This proof was on defendant's objection ruled out, and the action of the court, in thus ruling, is complained of as error.

The relator then offered to prove the costs and expenses incurred by him in preparing for trial of the garnishment proceedings, which proof was also ruled out, the relator excepting. Whereupon the relator was compelled to take, and did take, a non-suit.

The respondent has failed to file any brief in this case hence we are at a loss to determine, on what ground the court based its rulings. The defendant admitted that the attachment suit before the justice was dismissed by him, hence the evidence of the justice as bearing on that fact was irrelevant because there was no issue concerning the fact. The evidence of the justice touching the relator's appearance before him, as well as the

relator's own evidence touching expenses incurred by him was properly excluded, because it was not claimed that such expenses had ever been taxed as costs in the case at any time.

The ruling of the court was evidently based on the theory that before the relator could recover, it was incumbent upon him to show an adjudication of the costs and expenses under section 2538, Revised Statutes, the provisions of which, by section 2550, are made applicable to garnishments before justices of the peace.

It is true that attachment bonds are not like statutory injunction bonds. The latter bind the obligors by express terms to the payment of such damages only as have been adjudged upon dissolution of the injunction (*Dorriss v. Carter*, 67 Mo. 545 ; *Loehner v. Hill*, 17 Mo. App. 32), while the obligation of the attachment bond is to pay the costs and damages that may accrue to the garnishee. In the absence of any contrary decision in this state, it might well be held that an independent action upon the bond might be maintained by the garnishee without any prior adjudication of his expenses, and this seems to have been the ruling in *Barnes v. Webster*, 16 Mo. 258.

We must conclude, however, that the question is settled otherwise, as far as expenses taxable as costs are concerned, in *Ladd v. Couzins*, 52 Mo. 454, where this section of the statute was under consideration, and where Judge EWING speaking for the court uses the folowing language : " If the garnishee is obliged to assume the attitude of a litigant, he is entitled to something more than the ordinary costs, if the result of the litigation justifies his resistance to plaintiff's claim. The expenses he incurs, in thus resisting it, are, like the ordinary costs, but incidents of the litigation. His right to both originates in the same way, and attaches at the same time. In one case the law has fixed the amount that may be recovered, in the other the court

must determine it. The costs are simply the expenses incurred by the parties in the prosecution and defense of the suit, the allowance to the garnishee cannot be regarded in any other light than *as costs and should be taxed as such ;"* and again :

"This is the construction of the law that will accomplish its purpose—unless these expenses are something different from the costs, and form the subject of an independent demand against the plaintiff, for which a distinct judgment might be rendered, which as I have endeavored to show cannot be so regarded."

Under this decision it is apparent that the garnishee cannot recover, by suit upon the bond, any expenses that might properly have been adjudged in his favor as costs, in the garnishment proceeding, unless he shows that they were so adjudged. As the proof offered had reference to such expenses only, it was properly rejected.

The judgment is affirmed. All the judges concur.