WILSON & Co., Appellants, v. W. H. STARK *et al.*, Respondents.

Kansas City Court of Appeals, December 7, 1891.

1. Costs : DIFFERENT KINDS : TAXATION. *Held* by SMITH, P. J., there are two kinds of costs : *First*, those allowed and fixed by statute, which it is primarily the duty of the clerk as a ministerial function to tax after the rendition of the judgment ; *second*, those that require judicial allowance before the authority to tax the same is conferred and must be specially allowed in order to be taxed by the clerk. The second kind is subdivided into classes, ( *a* ) those in the nature of indemnity and for which judgment is required to be given and which, therefore, form a component part of the judgment ; ( *b* ) those that do not become a component part of the judgment though requiring judicial allowance.

2. ———— : PRINTING ABSTRACT : ALLOWANCE AFTER JUDGMENT TERM. *Held* by SMITH, P. J., charges for printing abstracts in appellate courts belong to the second class of the second kind of costs, and do not form a component part of the judgment, and may be allowed at a term of the court after the one at which the cause was finally disposed of on motion to retax. *Held* by ELLISON and GILL, JJ., the allowance of such cost just as other costs forms a component part of the judgment and cannot be adjudged at a term subsequent to the judgment term. ( *Ladd v. Couzins*, 52 Mo. 454, *discussed.* )

3. ———— : ———— : INSUFFICIENT ABSTRACT. *Held* by SMITH, P. J., appellant cannot recover his charges for printing an insufficient abstract, and the court has no authority to apportion it.

4. ———: ———: STATEMENT AND BRIEF. *Held* by SMITH, P. J., an account for printing should not include the costs of printing statement and brief.

*Original Motion to Retax Costs.*

OVERRULED.

*Samuel P. Sparks*, for appellants.

(1) The appellant, under the statutes of 1889, is entitled to have taxed as part of the cost of appeal, where he is successful, the costs of printing the abstract of record, the docket fee and certificate of appeal. 1 R. S. 1889, sec. 2253. (2) The costs of appeal are taxable or retaxable in the appellate court, and this court will entertain a motion for that purpose. *Page v. Bettes*, 19 Mo. App. 624. (3) The circuit clerk, after the cause was reversed and remanded, had the same power to tax the costs of appeal as he had in any cause pending in his court, basing his action on the mandate of the court of appeals. (4) It is hoped that this court will give an opinion upon this question of law raised by this motion, as it is of general interest to the profession— calling for the first time for a construction of the alternative provisions of section 2253, Revised Statutes, 1889, as to whether appellant is entitled to have costs for printing of abstracts of record taxed, and if so, when.

*O. L. Houts* and *W. W. Wood*, for respondents.

An allowance for costs, the amount of which is not specifically fixed by the law, must be made by the court during the term at which final judgment is rendered. *Ladd v. Couzins*, 52 Mo. 454 ; *Bosley v. Parle*, 35 Mo. App. 232 ; *State v. Bick*, 36 Mo. App. 114. This court has determined the question involved in this motion and definitely pointed out the distinction between a motion to modify or alter a final judgment, and one

merely to correct a mistake of a clerk in the perform-
ance of a ministerial duty, in the taxation of costs, the
amount of which are specifically fixed by law ; holding
that in the former case the motion must be made and
the order obtained during the term at which the final
judgment was rendered, while in the latter case the
motion may be made any time. *Mann v. Warner*, 22
Mo. App. 577. It is sufficient to say that there is no
authority, under the statutes and decisions above cited,
for this court to grant the relief asked by the appellant
in his motion. And the wisdom of the rule is apparent,
and fully exemplified by the facts of this case and the
circumstances surrounding the court. A large number
of cases have been reversed and remanded by this court
since the enactment of the statute upon which appel-
lants' motions are based, and if this court should deter-
mine to hear such motions after the expiration of the
term at which final judgments were rendered, then the
court will be flooded with motions from all parts of this
appellate district, and the valuable time of this court
will be consumed by the hearing in *nisi prius* form of
a multitude of petty motions.

SMITH, P. J.—The judgment in this case was
reversed at the last term. At the present term the
appellant filed a motion wherein we are asked to allow
a certain charge for the cost of printing the abstracts
of the record, and then to order that the same be taxed
as part of the cost of the appeal in favor of the appel-
lants and against the respondents.

I. The respondent resists the granting of this
motion principally upon the grounds, that the charge
for printing the abstract not being for costs, the amount
of which is specially fixed by law, cannot be allowed
by us and taxed as costs of the appeal after the term
at which the final judgment was rendered. We are
thus called upon to make a practical construction and
application of sections 2253 and 2931, the former of

which provides that, "If the abstract filed by the appellant or plaintiff in error be sufficient and correct, a reasonable charge therefor shall be taxed against the respondent or defendant in error, if he be the losing. party." This statutory provision by its very terms, while declaring that the charge for printing the abstract shall be taxable as costs, also requires the reasonableness to be first judicially passed upon before it can be made the subject of taxation. There is a clear and well-defined distinction between these costs that are allowed and fixed by statute, and those that require judicial allowance before the authority to tax the same is conferred. The taxation of such items of costs as fall within the first class is a duty that primarily devolves upon the clerk. It is but a ministerial function to be performed by him after the rendition of the judgment. *Mann v. Warner*, 22 Mo. App. 577; *Bosley v. Parle*, 35 Mo. App. 235; *State v. Beck*, 36 Mo. App. 117; *Ladd v. Couzins*, 52 Mo. 454. In costs of the latter class the clerk has no power whatever to tax the same until specially allowed by the court.

The resisting respondents, to sustain their contention, cite and rely upon *Ladd v. Couzins, supra*, and the cases in which it has been followed in the courts of appeal. The statute, which was made the basis of the ruling in *Ladd v. Couzins*, provided that, if the plaintiff "shall fail to recover judgment against such garnishee, all costs attending such garnishment shall be adjudged against such plaintiff and the court shall render judgment in favor of such garnishee against the plaintiff for a sum sufficient to indemnify him for his time and expenses and reasonable attorney's fees," etc. 1 W. S. 66, sec. 227; R. S., sec. 5239. This statute makes provisions for the recovery of costs *eo nomine* and for the further recovery of such sum as shall be sufficient to indemnify the garnishee in respect to outlays made by him in his defense. These outlays are denominated costs and are recoverable in gross as such.

Costs of this kind when allowed by the court become a component part of the judgment. It is quite apparent that the decision, in the case to which we have just referred, to the effect that such costs could not be recovered after a term at which the judgment was rendered, was correct. We do not coincide with the opinion expressed by the St. Louis Court of Appeals in *Clark v. Hill*, 33 Mo. App. 116, to the effect that the opinion delivered by Judge EWING in that case was not well considered or that it is overthrown by the ruling in the later case of *Clinton v. Railroad*, 78 Mo. 575. We think this notion results from a misconception of what was there decided. A reference to it will show that the question there decided was not in any respect analogous to that passed upon by Judge EWING.

In the Acts of 1875, page 127, it was provided that the prosecuting attorney instituting and conducting certain suits for taxes should, if the plaintiff recovered judgment, receive as compensation for his services therein a sum equivalent to five per cent. of the sum recovered, to be taxed as cost and recovered and collected as other costs. The clerk failed to tax the attorney's fee in the case on the amount of the judgment as required by the statute just referred to. The judgment and all costs that had been taxed were satisfied. After several terms of the court at which the judgment was rendered had elapsed, the attorney who had brought the tax suit and recovered the judgment, and was entitled to the fees allowed by the statute, filed his motion to have the costs retaxed so as to include his fees. It was held that the motion was timely enough. The cost being allowed and fixed by statute, no action of the court to allow the same was necessary. Nor were such costs a component part of the judgment as in the case decided by Judge EWING. It was the duty of the clerk to have taxed this item in the first instance and the motion was to require a performance of this

mere ministerial duty which he had omitted. The two cases are quite distinguishable.

But returning from the digression just made, we may observe that the statute does not require in rendering a judgment of affirmance or reversal that we shall in addition to adjudging the costs of the appeal or writ of error against the unsuccessful party also give judgment for a sufficient sum to indemnify the successful party for his time, expenses and attorney's fees, etc., as is required in garnishment proceedings under the statute. The charge for printing the abstract is not required by statute to be made a component part of the judgment of reversal. Costs which require judicial allowances are properly subdivisible into two classes. One is in the nature of indemnity, and for which judgment is required to be specially given, and which, therefore, form a component part thereof, and is to be distinguished from the costs which are adjudged in addition thereto by name. The other is where the charge does not become a component part of the judgment, though requiring judicial allowance. Only such costs fall within the first subdivision as are made to do so in consequence of some statute by force of which they become a component part of the gross sum for which the judgment is given.

It must needs follow that the charge here which it is asked to be taxed as costs, as do those costs which are allowed and fixed when allowed by us, comes within the same category as those costs that are fixed by statute and may be taxed by the clerk in the same way. No sufficient reason is perceived why such charge may not be allowed after the time when the final judgment was rendered and then taxed by the clerk. There is no statute of limitation precluding this, nor do we discover any reason in the law or its policy which forbids it. The two cases last referred to fully support this view.

II.   It is further contended that the charge of the appellant should not be allowed, for the reason that the abstract was insufficient and incorrect.   The statute, section 2253, provides that the appellant or plaintiff in error may file printed abstracts of the record of the case in the office of the clerk.   If the respondent or the defendant in error is dissatisfied with such abstract, he may file other or additional abstracts of the record, and if the appellant or plaintiff in error does not concur in such other or additional abstracts he shall specify his objections thereto in writing and file the same with the clerk, who shall issue and send an official order commanding the clerk of the trial court to send to the appellate court a certified transcript of that part of the record so in dispute.

The appellants in this case made no objection to the other and additional abstract filed by respondents. They practically conceded the incorrectness and insufficiency of their own abstract.   The additional abstract of the respondents covers nine printed pages.   As its correctness is not controverted by the appellants, we must presume it to be correct.   If it was correct, then the appellants' abstract was incorrect and insufficient. If the appellants' abstract was incorrect and insufficient, should his charge for printing the same be allowed? The statute which we have in the preceding paragraph quoted provides that, if the abstract filed by the appellant or plaintiff in error be sufficient and correct, a reasonable charge shall be allowed therefor.   But it was conceded that it was insufficient and incorrect.   The object of the statute, in making, as it does, the appellant's right to recover the amount laid out by him for printing of the abstract depend upon the correctness and sufficiency, was to encourage the appellant or plaintiff in error to make a sufficient and correct abstract. If he chose to make it insufficient and incorrect, the penalty, by the clearest implication of the statute, is that the charge for printing the same shall be disallowed.

Of course the abstract must be insufficient and incorrect in some material or substantial respect. It is the same whether the incorrectness and insufficiency results from intention or negligence. This may seem a harsh rule, but the statute on which it is founded is one which we are required to strictly construe. Sutherland on Stat. Const., sec. 371; *In re Murphy & Spillane*, 22 Mo. App. 476; *Shed v. Railroad*, 67 Mo. 687. Such a construction, we think, will effectuate the intention of the legislature. We can discover no authority by which we can allow a part of the appellants' charge. It must be allowed or rejected in its entirety. Being confessedly insufficient and incorrect, it cannot be allowed.

III. The respondents further challenge the right of the appellant to have the cost of the printing of the abstract allowed, on the ground that it includes the printing of his statement and brief. This of itself would be a valid objection, and, if there was nothing else, we would permit the withdrawal of the account, so it might be corrected and again presented, but, as it cannot be allowed for other objections which cannot be obviated, it must be disallowed, and the motion over-ruled.

### SEPARATE OPINION.

ELLISON, J.—I am not willing to concur with the foregoing opinion. I think it discloses a misapprehension of the decision in *Ladd v. Couzins*, 52 Mo. 454. The statute in that case allowed general costs to the garnishee, which were fixed and named by the statute in relation to costs; and, in addition, allowed an amount for time and attorney's fee, the amount to be fixed by the court. Judge EWING holds that, *both* the general costs *and* the other costs to be fixed by the court are component parts of the judgment. That since the allowance to the garnishee, which should have been fixed by the court, was a part of the judgment, it

could not have been made after the term, as that, of course, would be changing, altering or amending the judgment after the term, a thing which cannot be done. The costs are always adjudged with the judgment and as a part of the judgment, and, if the amount of the costs is to be adjudicated by the court, that amount is also, of course, a part of the judgment; and, if not adjudged at the term, cannot be afterwards. An adjudication as to which party to the action shall pay the costs cannot be changed or altered after the term passes. *Mann v. Warner*, 22 Mo. App. 577. But an erroneous entry or failure to enter costs by the clerk, performing his ministerial function, under such adjudication, may be corrected after the term on motion to retax.

The case before us under his motion is quite like the case of *Ladd v. Couzins*. The successful party here recovers his ordinary costs, by section 2931, Revised Statutes, 1889, and, by section 2253, he also recovers as cost a sum to be fixed by the court for printing. The allowance of cost for the expense of printing is in no respect different from the allowance of the expense of the garnishee in *Ladd v. Couzins*. In each case the adjudication of such costs is a part of the judgment, and, unless had at the term, cannot be had at all.

SEPARATE OPINION.

GILL, J.—The matter of controversy between us relates to the authority of this court, at a term subsequent to a final judgment reversing a cause, to allow and tax against the respondent the expenses appellant was put to in printing an abstract of the record, as provided for in section 2253, Revised Statutes, 1889. While impressed with the force and apparent reasonableness of Judge SMITH's position, I yet feel bound under the ruling of our supreme court in *Ladd v. Couzins*, 52 Mo. 454, as well as that of *Mann v. Warner*, 22 Mo. App. 577, and

*Bosley v. Parle*, 35 Mo. App. 232, to hold, along with Judge ELLISON, that such allowance can only be made during the judgment term of the court, and not afterwards.