CYRUS C. TURNER, Defendant in Error, v. CARRIE E. BUTLER *et al.*, Plaintiffs in Error.

### Kansas City Court of Appeals, May 4, 1896.

**Trial Practice:** REFEREE'S FEES: COSTS: APPEAL: JURISDICTION. Referee's fees are costs which must be allowed by the court in which the action was had before the clerk is authorized to tax the same against the party adjudged to pay the cost. Such fee may be allowed by the court and taxed up by the clerk at a term after the judgment has been rendered; and the fact that an appeal was taken from the judgment will not deprive the trial court of jurisdiction to fix the allowance.

*Error to the Miller Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

AFFIRMED.

*W. S. Pope* and *John W. Booth* for plaintiffs in error.

(1) A referee in a civil case is not entitled to have the clerk of the court in which the case is tried tax any fee for or to the referee until under the statute the court has made an allowance to the referee, and then the clerk's sole duty is to tax the amount allowed by the court. The clerk has no discretion in the matter. R. S. 1889, sec. 2158. (2) The language of the statute goes no further than to give the court, while it has jurisdiction of the case, power to allow compensation to a referee, and if the referee neglect to avail himself of this power of the court while the jurisdiction of the

court continues, he does so at his own peril. (3) In this respect there is a marked difference between the subject of an allowance to a referee and a mere mistake of a clerk in taxing costs. A motion to retax costs goes only to an error or wrongful act or omission of the clerk. The clerk is simply to tax fees allowed by law, and has no power to tax any referee's compensation not allowed by the court. R. S. of Mo. 1889, secs. 2940 and 2941; R. S. of Mo. 1889, secs. 2941 and 2158. (4) The court had no authority on motion to retax costs alleging an error of a clerk in not taxing any fee to the referee to make an allowance to the referee. In this respect the case here falls within the decision in *Schneider v. Meyer*, 56 Mo. 475. (5) By the lapse of the term at which final judgment is rendered in a case, the circuit court loses jurisdiction and control of the case. *Danforth v. Lowe*, 53 Mo. 217; *Childs v. Railroad*, 117 Mo. 414.

*W. J. Edwards* for referee.

*J. R. Edwards pro se.*

(1) The court will observe that the motion for a new trial only raises one point though it is stated in three different ways. This court therefore will only consider that point, and it has been decided against the plaintiffs in error by the supreme court of the state. *State ex rel. v. Railroad*, 78 Mo. 575; R. S. 1889, sec. 2941; *Trail v. Somerville*, 22 Mo. App. 308; R. S. 1889, sec. 2154. (2) There being no special agreement as to the compensation of the referee the statute controls. R. S. 1889, sec. 561, p. 561; *Trail v. Somerville, supra; Conroy v. Frost*, 38 Mo. App. 351. (3) The motion to dismiss was properly overruled. The statute authorizes this proceeding and the supreme

court has said it is the only way to proceed in such cases. R. S. 1889, sec. 2941, p. 751; *State ex rel. v. Railroad*, 78 Mo. 575.

SMITH, P. J.—This a motion to retax costs. The action in which the motion was filed was brought in the circuit court of Miller county. The issues in the cause were referred to Joseph R. Edwards, Esq., who heard the evidence, made his findings and filed his report at the September term, 1892, of said court, at which term the said report was confirmed and judgment rendered accordingly. An appeal was prosecuted by the defendants from said judgment to the supreme court, which judgment in December, 1894, was by that court affirmed.

It further appears from the record that the said referee omitted to ask an allowance of compensation for his services before the appeal in said cause had been taken to the supreme court. It further appears that on September 17, 1894, the said referee filed a motion in the Miller circuit court to retax the costs in said cause, alleging as the ground thereof that the clerk of said Miller circuit court, in taxing up the costs when the judgment was rendered in confirming the said report, had, through oversight, failed to tax any fee in his favor as referee, etc.

Subsequently, at the March term, 1895, of said Miller circuit court, the said motion was heard and an allowance of $500 was made to the said referee, as compensation for his services in said cause, which was ordered to be certified to the probate court of Franklin county, for allowance against the estate of the defendant's testator.

The defendant, after an unsuccessful motion to set aside the said order of allowance, brings the cause here by writ of error.

Turner v. Butler.

The defendants challenge the said ,order of allowance, etc., on the ground that the circuit court was without jurisdiction to make the same. The statute, section 2158, provides that referees, in the absence of any special agreement, shall receive such compensation for their services as the court in which the case is pending may allow, not exceeding $10 per day. The compensation which the statute thus authorizes the court in which the case is pending to allow the referee is nothing more or less than costs, which must abide the result of the cause. *State v. Bick*, 36 Mo. App. 114; *Trail v. Somerville*, 22 Mo. App. 308; McQuillin's Pl. & Pr., secs. 1004–1047. "The statute does not in terms say that such an allowance shall be taxed as costs, but the inference is irresistible that it is to be so taxed and such has always been the practice in the absence of special stipulations to the contrary." *Trail v. Somerville, supra.*

Costs are charges, or expenditures, which are either allowed and fixed by statute, or are authorized by statute to be allowed and fixed by the court. The fee of a referee is of the latter kind and can not be taxed by the clerk until allowed by the court. The function of the clerk in taxing costs is entirely ministerial. When the latter kind of costs are judicially allowed, it is as much his duty, under the judgment, to tax the latter as it is the former.

The statute provides that where a party is aggrieved by the taxation of costs, he may, upon application, have the same retaxed in the court where the action was had. R. S., secs. 2158, 2941. And this jurisdiction of the court where the action was had is not taken away by an appeal. *Briscoe v. Kineally*, 9 Mo. App. 590.

*Clark v. Hill*, 33 Mo. App. 116, was where the referee's report showed that he claimed $400 for his

compensation, but this was not noticed by the circuit court when the report was approved and the judgment rendered. Notwithstanding there was no order made by the court allowing the referee any compensation, the clerk, after the rendition of the judgment, taxed up the costs and included in such taxation the item of $400 claimed as a fee by the referee, which was indorsed on the execution issued to the sheriff. The general costs were adjudged against plaintiff and the sureties on his cost bond. The surety filed a motion in the circuit court to recall the execution and retax the costs, mainly on the ground that the court had not allowed the item of $400, claimed by the referee, by entering a separate judgment for the amount. This motion was by the court overruled and upon appeal from the judgment thereon, it was ruled that the statute requires that the fee of the referee should have been allowed by the court in which the proceedings were had, when the question of his compensation was brought to its attention, and that the attaching of his fees to his report, while in the nature of a suggestion to the court as to the amount that should be allowed him, was no part of the report. It was said in the course of the opinion that "there must be an allowance, indeed, but there is nothing in the statute, or practice, which prevents the court from making it upon mere inspection of the referee's report. A judgment in favor of one party against another, for costs, never specifies the amount of costs in detail and yet includes all costs legally taxable. If the costs are improperly taxed, either party may move the court for retaxation, and upon such motion the court may add to or deduct costs taxed against either party—its action being no more than a review of the action of the clerk or sheriff in taxing costs erroneously. There is nothing in the statute which prevents this being done at a subsequent term;

on the contrary, as a matter of practice, it is almost always done at a subsequent term." It was further ruled that, as the trial court had power to allow the fee of the referee, upon an inspection of the report, and as that report was before the court on the hearing of the motion, the inference was, in the absence of any evidence to the contrary, that the refusal of the court to disallow the item was equivalent to its allowance. The court reversed the judgment of the circuit court and ordered judgment to be entered sustaining the motion to retax the costs, as to all the items except the referee's fee.

In *Mann v. Warner*, 22 Mo. App. 577, it was said that "there is no question, under our statute and practice, of the power of the circuit court, on motion, at a term subsequent to that at which judgment was rendered, to retax costs." The "statute applies to the instances where the clerk, in the performance of such ministerial act, has, through mistake, inadvertence, or misconception, and the like, omitted or included some proper or improper items of costs against the party complaining. The law recognizes the right of the complainant to have the judgment of the court in this imposition, and permits the matter to be presented for review in the summary proceeding by motion." And to the same effect are *Bosley v. Parle*, 35 Mo. App. 232; and *State v. Railroad*, 78 Mo. 575.

From the foregoing adjudications it would seem to be the settled practice under the statutes of this state that referee's fees are deemed costs which must be allowed by the court in which the action was had, before the clerk is authorized to tax the same against the party adjudged to pay the costs of the action; but that the fee of the referee may be allowed by the court and taxed up by the clerk, at a term of the court after

the judgment has been rendered. Such a fee, when allowed, falls within the designation of general costs. In allowing and taxing it, the judgment as to the payment is in no way disturbed. Where a party complains that the judgment taxing the costs is wrong, for any reason, he must, to obtain relief, lodge his complaint with the court rendering such judgment, at the term at which it is rendered, for after the end of the term, the power of the court over the judgment is at an end. It can not, after the end of the term, change or modify its judgment in respect to the costs. *Mann v. Warner, ante.* And this upon the well established principle that the error or mistake in a judgment can not be corrected in a court of law after the lapse of the term at which the judgment was rendered. *Wilson v. Boughton,* 50 Mo. 17, and cases cited.

No reason is perceived why the fee of a referee may not be allowed by the court and taxed by the clerk, after the lapse of the term at which the final judgment is rendered, since this does not, as we have seen, have the effect to disturb the judgment. It will not do to say that the allowance of the referee's fee, when made at or before the time of the rendition of the judgment on the report, is any more the component part of the judgment than any other item of costs that is allowed and fixed by law. It has been held that even when the fee of the referee is allowed in the judgment confirming the report of such referee, the setting aside of the judgment does not disturb the allowance of the referee because such an allowance is not an inseparable part of the judgment. *Conroy v. Frost,* 38 Mo. App. 351. That the rule declared in *Ladd v. Couzins,* 52 Mo. 454, is wholly inapplicable to the allowance and taxation of costs like that now in question, I think is sufficiently demonstrated by what was said in the separate opinion

written by me in *Wilson v. Stark*, 47 Mo. App. 116. Sections 2158 and 2941, Revised Statutes, relate to the same subject-matter and, I think, require that the circuit court in which the final judgment was given is the proper court in which the fee of the referee should be allowed and retaxed. The objection that the allowance of the fee of the referee should be made in the court in which the *cause is pending* is sufficiently answered by the ruling in *Clark v. Hill, ante.* The cause was finally determined by the supreme court and could not be said to be pending in any court; but, for the purpose of the allowance of the fee of the referee, it was pending in the circuit court, where it was tried. This construction, it seems to me, is in harmony with the rulings of the appellate courts of this state in respect to the allowance and taxation of costs, like that in the present case, and will best accomplish the purpose for which the statute authorizing the retaxation of costs was enacted.

It follows from these observations that the circuit court had jurisdiction to allow the fee of the referee and to tax the same as costs, on the motion of the referee.

It was admitted on the record that the best part of two months time was occupied by the referee in hearing and reducing the evidence to writing, and in making his findings and report; and also that he had not received any compensation for his services, nor entered into any special agreement therefor. The abstract does not state that the foregoing admissions were all the evidence adduced in support of the motion. In the absence of such statement, we may presume there was other evidence introduced in support of it.

Indulging the ordinary presumption in favor of the correctness of the finding of the trial court, we must affirm the judgment. All concur.