THE STATE ex rel. O'BRIANT, Collector, Appellant, v. KEOKUK & WESTERN RAILROAD COMPANY.

Division Two, June 30, 1903.

1. **Tax Suits:** ATTORNEY'S FEES TAXED AS COSTS. The statute allowing a reasonable attorney's fee to be taxed as costs in tax suits requires the court to judicially determine before such fee is taxed, what would be a reasonable fee, and that must be done in the circuit court at the same term that the judgment is rendered for the taxes themselves, or in the Supreme Court within ten days after that judgment is affirmed on appeal. A motion to tax such fees as costs in the case, filed in the circuit court three years after final judgment in the tax suit was rendered, can not be considered.

2. **Constitutionality of Law:** APPELLATE PRACTICE. Where this court affirms the judgment of the trial court which was based on the ground that plaintiff's action was not timely brought, it will not, at respondent's request, determine that the law on which plaintiff's action was based was unconstitutional.

Appeal from Schuyler Circuit Court.—*Hon. N. A. Franklin,* Special Judge.

AFFIRMED.

*Smoot, Fogle & Eason* and *French* for appellant.

(1) At the term the mandate was filed in the circuit court, plaintiff filed a motion to have the court allow his attorneys a reasonable attorney's fee and to order the clerk to tax the same as costs in the case; and the court in which suit is brought shall, if plaintiff ob-

tain judgment, allow such attorneys a reasonable fee for bringing and conducting such suit which shall be taxed against the defendant and paid as other costs in the case.    R. S. 1899, sec. 9378; Turner v. Butler, 66 Mo. App. 380; State ex rel. v. Hannibal, etc., 78 Mo. 575; State ex rel. v. Edwards, 144 Mo. 470.    (2)    The motion to tax costs could not be determined in the court where suit was commenced till there was final judgment in the cause.    It was pending in the circuit court where it was tried for the purpose of the motion.    R. S. 1899, sec. 9378.    (3)    The court gave judgment for taxes, interest, penalties, and costs.    This means all costs.    It need not specify items of costs.    State ex rel. v. Edwards, supra; Turner v. Butler, supra.    There should be no costs, penalties, etc., taxed against respondent if it had won the case.    (4)    Section 9378, Revised Statutes 1899, provides that the collector may, with the approval of the county court, appoint attorneys to aid the prosecuting attorney to bring and prosecute the suit for delinquent taxes; and, if plaintiff obtain judgment, the court in which the suit is brought shall allow such attorneys a reasonable attorney's fee which shall be taxed against the defendant and paid as other costs in the case.    The collector is the only one who could, with the approval of the county court, appoint and employ such attorneys, and the signing of the petition is sufficient without pleading their authority.    Butler v. Sullivan County, 108 Mo. 638; Hickory County v. Fugate, 143 Mo. 71.    The attorney's fee is no part of the judgment proper; it is a part of the costs.    Ryan v. State, 5 Neb. 276.    (5)    Evidence on the motion may be taken to show the reasonableness of the attorney's fee. Briggs v. Railroad, 111 Mo. 173.

*F. T. Hughes* and *Higbee & Mills* for respondent.

(1)    It is evident that the allowance of a reasonable attorney's fee called for judicial action and this the court could only exercise before the adjournment of

the term at which final judgment was rendered. It appears the motion was filed more than three years after judgment was rendered. The court had lost jurisdiction and had no power to alter or amend the judgment or to render a different judgment, and the motion should be dismissed. Berberet v. Berberet, 136 Mo. 672; Ladd v. Couzins, 52 Mo. 454; Wilson v. Stark, 47 Mo. App. 123; Mann v. Warner,. 22 Mo.' App. 577; Bosley v. Parle, 35 Mo. App. 232; 5 Ency. Pldg. and Prac., 120, par. 5. (2) Appellant's second point is fully answered in Ladd v. Couzins, 52 Mo. 454. If collector's attorneys were entitled to a fee in the trial court, on appeal this court could have taxed an additional fee. (3) Section 9378, Revised Statutes 1899, contemplates that the attorney's fee shall be a component part of the judgment. So ruled in suit for city taxes: State ex rel. v. Edwards, 144 Mo. 471. So in action for killing stock: Briggs v. Railroad, 111 Mo. 174. Taxing costs of printing abstract: Berberet v. Berberet, 136 Mo. 671, approving majority opinion in Wilson v. Stark, 47 Mo. App. 123. Garnishee's allowance can not be made after term. Ladd v. Couzins, 52 Mo. 454. Referee's fee not reviewable at subsequent term. Robinson v. Bobb, 139 Mo. 354; Van Frank v. Railroad, 88 Mo. App. 513; State ex rel. v. Railroad, 78 Mo. 575, is not in point. The attorney's fee there was fixed by statute at five per cent. Its taxation was the ministerial duty of the clerk, like other costs fixed by statute. Solomon v. McLennon, 81 Iowa 406; Barnes v. Smith, 104 Mass. 363. (4) After the expiration of the term at which a judgment has been rendered, the court has no power to alter or amend it in any manner of substance. Ross v. Ross, 83 Mo. 100; 17 Am. & Eng. Ency. Law (2 Ed.), 816; Jackson v. Railroad, 89 Mo. 104.

FOX, J.—The appeal in this case is from the action of the Schuyler Circuit Court in overruling a motion filed by the plaintiff to allow the attorneys for the col-

lector a reasonable fee for bringing and prosecuting a suit for taxes against the respondent, it being the same case as appears reported in 153 Mo. 157, as provided for by section 7746, Revised Statutes 1889, which is section 9378, Revised Statutes 1899. Said motion was filed in said court on the fifth day of June, 1900, and states, in substance, that one Henry W. O'Briant, now deceased, was collector of the revenue of Schuyler county in 1895; and, as such collector, appointed, in writing, C. C. Fogle and E. L. French, attorneys at law, as his attorneys to aid and assist the prosecuting attorney in prosecuting suits for taxes against railroad companies in said county; that the county court of said county, by an order duly entered of record at the February term, 1895, approved the said written appointment of said attorneys, all of which was according to the provisions of section 7746 of Revised Statutes of 1889 of Missouri, which provides that the court in which suit is brought shall, if plaintiff obtains judgment, allow such attorneys as shall be employed under its provisions a reasonable fee, which shall be taxed as other costs in the case; that this action was brought to recover the Liberty township (in Schuyler county) railroad interest tax amounting to $113.23 and the county railroad interest tax amounting to $804.50, for the year 1894, due upon the property of the defendant; that plaintiff obtained judgment in the circuit court on the twelfth day of November, 1896, for the full amount of taxes, for which suit was brought, amounting in the aggregate to $1,128.81, from which judgment an appeal was taken to the Supreme Court of Missouri, where the judgment was affirmed on the nineteenth day of December, 1899, and same is reported in 153 Mo. 157; that defendant, in resisting the payment of said taxes sought thereby to obtain a decision of the Supreme Court of this State by which the defendant would avoid the payment in the future of any taxes levied on its property to pay the railroad bonded debts of Schuyler, Scotland and Clark counties, in the State

of Missouri, through which defendant's road runs, which debt in Schuyler county alone amounts to about $175,000, and represents a debt created by said Schuyler county to aid in the construction of defendant's railroad, which runs through the counties above named; that said attorneys have rendered valuable services in this cause; that other cases involving the taxes of other years depended upon the result in this cause; that the sum of $2,500 would be a reasonable fee for the services of said attorneys in the courts in this case. The motion concludes with a prayer to the court to allow said attorneys for the collector the sum of $2,500 for their professional services, and that the same be taxed as costs in the case.

The trial upon this motion was begun on the 12th of November, 1900. There was evidence introduced by both the relator and the defendant; but the view we take of the law that must control the questions involved, makes it unnecessary to burden this opinion with a statement of such evidence. The motion was submitted to the court upon the testimony introduced, and the court, on the 20th day of November, 1900, overruled the motion. From the action of the court, in respect to such motion, this appeal is prosecuted.

It will be observed that the original suit by the collector for the recovery of certain taxes, in which the services of the attorneys were rendered for which they seek to recover upon this motion, was tried and final judgment rendered in the circuit court of Schuyler county, on the 12th day of November, 1896.

At the very inception of this controversy, we are confronted with the vital question involved in this case, as to the right under the law to maintain this proceeding, after the lapse of so many years, and not only after the termination of the term at which the final judgment was rendered, but after the lapse of many terms of that court.

This is a proceeding, by motion, to have taxed as

cost, against the defendant, a reasonable attorney's fee, the services of the attorneys having been rendered in the original tax proceeding in 1896. The statute upon which this attorney's fee is predicated provides (sec. 9378):

"It shall be the duty of the prosecuting attorney of each county to prosecute all suits for taxes under this article. County collectors shall have power, with the approval of the county court, or in St. Louis city, the approval of the mayor thereof, to employ such attorneys as may be deemed necessary to aid and assist the prosecuting attorney in conducting and managing such suits; and the court in which suit is brought shall, if plaintiff obtain judgment, allow such attorneys a reasonable fee for bringing and conducting such suit, which shall be taxed against the defendant and paid as other costs in the case. At the request of the collector, the Governor may direct the Attorney-General to assist in the prosecution of any such suits."

It will be noted that upon the rendition of judgment for the plaintiff in such tax proceeding, "the court in which suit is brought shall, if plaintiff obtain judgment, allow such attorneys a reasonable fee for bringing and conducting such suit, which shall be taxed against the defendant and paid as other costs in the case."

It is apparent from this statute that judicial action is required by the court in fixing the reasonable amount to be allowed the attorneys for their services in the tax proceeding.

In the case of Briggs v. Railroad, 111 Mo. 168, in construing section 2613, Revised Statutes 1889, which provided that, "if the owner of any live stock, including horses, mules, asses, cattle, sheep and hogs, whenever the same shall have been injured or killed, as in section 2612 described, shall be compelled to bring suit in court to recover the damage so sustained, it shall be the duty of every court in which such suit may be heard to tax a reasonable attorney's fee in such suit in favor of the

complainant, if he recovers judgment, which shall be paid as other costs by the defendant," it was held under the provisions of that section that not only judicial action was required, but that the defendant was entitled to a trial by jury upon the issue as to the amount to be taxed as an attorney's fee as cost in the proceeding.

In the case of Berberet v. Berberet, 136 Mo. 671, the court very clearly announces the rule and reviews the authorities as to applications for the taxation of cost at a term subsequent to the one at which the final judgment was rendered.

The court in that case, speaking through GANTT, J., says: "It was ruled in Dulle v. Deimler, 28 Mo. 583, that the courts of this State might retax costs at a subsequent term under judgments made at prior terms. That opinion was predicated upon the fact that the court had adjudged the costs and the subsequent retaxing was not a revision or alteration of the judgment, but was the act of the court correcting the mere ministerial act of the clerk who had, through misapprehension of the court's order, improperly taxed the adjudged costs. Subsequently in Ladd v. Couzins, 52 Mo. 454, it was held that an allowance to a garnishee can not be taxed after the lapse of the term at which final judgment is rendered in a cause. The statute required the court to allow the garnishee a sum sufficient to indemnify him for his time and expense and a reasonable attorney's fee. It was evident that this allowance called for judicial action and this the court could only exercise before the adjournment of the term at which final judgment was rendered. To the same effect is Jackson v. Railroad, 89 Mo. 104. The allowance for printing is very similar to an allowance to a garnishee. It requires judicial action and can only be had during the term. We have been confirmed in our view of this section by the very satisfactory and thorough discus-

sion of the same point by the Kansas City Court of Appeals in Wilson v. Stark, 47 Mo. App. 116, in which the majority of that court reached the conclusion to which we have come. The application for costs to be allowed for the first time and the amount of which must be first determined by the court must be made during the term at which final judgment is rendered or in this court within the ten days allowed for filing motions for rehearing and modification of judgment which time is *pro hac vice* an extension of the term for those purposes."

It will be noted that the court, in the case last cited, fully approves the announcement of the rule on this subject, in the cases of Ladd v. Couzins, 52 Mo. 454, Jackson v. Railroad, 89 Mo. 104, and Wilson v. Stark, 47 Mo. App. 116.

It will be observed that all the cases treating of applications to tax costs at a term subsequent to the one at which final judgment was rendered, make clear the distinction of taxing costs, which are definite and fixed by law, and costs which require judicial action in determining the amount.

Appellant earnestly invites our attention to the cases of Turner v. Butler, 66 Mo. App. 380; State ex rel. v. Railroad, 78 Mo. 575; Clark v. Hill, 33 Mo. App. 116, and Dulle v. Deimler, 28 Mo. 583, and insists that they furnish support for his position, that the trial court committed error in refusing to tax the attorneys' fees, as cost, upon the motion filed for that purpose. A careful examination of those cases will demonstrate that they keep in view the distinction herein mentioned, as to the taxation of costs definitely fixed by statute, and those costs which require judicial action by the court.

In the Turner case, supra, the learned judge disclaims that the views expressed conflict with the rule announced in the case of Ladd v. Couzins, supra, and emphasizes that fact by calling attention to his separate opinion in the case of Wilson v. Stark, 47 Mo. App.

116, in which the distinction of the two classes of costs are clearly drawn and approved. In the case of Dulle v. Deimler, 28 Mo. 583; what was said by GANTT, J., in the case of Berberet v. Berberet, supra, heretofore quoted, fully demonstrates that it is not applicable to the questions here presented.

The case of State ex rel. v. Railroad, 78 Mo. 575, is in perfect accord with the distinction drawn in all the cases. In that case, which involved the assessment of an attorney's fee, in a suit for the collection of back taxes, that suit was instituted under the law of 1875. The statute definitely fixed the amount to be allowed the attorney for his services, the same as other items are fixed for other officers. It is apparent in that case that no judicial action of the court was required, hence it is not applicable to the question presented in this record.

The section of the statute, 9378, Revised Statutes 1899, which provides for the taxing of fees of the attorneys for services rendered in obtaining the judgment for taxes, requires the court to judicially ascertain before the amount is taxed, as to what would be a reasonable amount for the services performed. The amount to be allowed for such services were not ascertained and taxed at the term of court in Schuyler county at which the final judgment was rendered in the original tax proceeding, nor was it attempted to be taxed at the term of this court in which such judgment was affirmed, and we are clearly of the opinion, in view of the adjudications on that subject, that it can not be done, as is sought by this motion to do, taxed three years after the final judgment was rendered, of which the attorneys' fees formed a component part.

Having reached the conclusion that the action of the trial court, in respect to this motion, was correct, it is unnecessary to discuss the question as to the constitutionality of the statute providing for the taxing of attorney's fees in cases of that character. Upon this ap-

peal, we are dealing with the result of the action of the trial court, and not with the reasons for its action. This course has been approved and adopted by this court. [State ex rel. v. Smith, 141 Mo. 1, and cases cited.]

With the views as herein expressed, the judgment of the trial court, in overruling the motion, will be affirmed.

All concur.