State *v.* Barnes.

———— ⊹⊙⊙⊙⊹ ————

THE STATE, Respondent, *vs.* BARNES, Appellant.

1. A grand jury may be summoned and an indictment found at an adjourned term by statute.

*Appeal from Polk Circuit Court.*

*W. H. Otter,* for appellant.
*Gardenhire,* (attorney general,) for the State.

RYLAND, Judge, delivered the opinion of the court.

The defendant was indicted by the grand jury at an adjourned term of the Circuit Court, held in January, A. D. 1853, within and for the county of Dade. From the record before us, it appears that the Circuit Court within and for the county of Dade, adjourned over its regular term for October, 1852, until Monday, the 10th day of January, A. D. 1853; that on Monday, 10th January, 1853, the adjourned term began, and was held in pursuance of the order theretofore made at the regular term of the court in October, 1852.

At this adjourned term, an order was made by the court directing and requiring the sheriff to summon a grand jury. The order is as follows: "Now at this day, it appearing to the satisfaction of the court that certain offences have been committed since the grand jury at this term were discharged, and which is now here brought to the discovery of the court; it is therefore ordered and directed by the court, that the sheriff of Dade county summon a grand jury to appear in this court forthwith." This the court had authority and power to do by virtue of the thirteenth section of the third article of the act concerning "practice and proceedings in criminal cases."

(R. C. 1845, p. 865.) "If any offence be committed or discovered during the sitting of any Circuit Court, after the grand jury attending such court shall be discharged, such Court may, in its discretion, by an order to be entered on its minutes, direct the sheriff to summon another grand jury."

I am thus particular in noticing this proceeding, because the defendant, Barnes, who was indicted at this adjourned term and by this grand jury thus ordered to be summoned, rests his whole grounds for the reversal of this judgment upon these proceedings.

The indictment was for a felonious assaulting and shooting at one Thomas Kimman. The defendant obtained a change of venue from Dade Circuit Court to the Circuit Court of Polk county ; was there tried and found guilty, and sentenced to pay one hundred dollars fine, and be imprisoned in the county jail for three months. He moved in arrest of judgment, and assigned the following causes therefor : because the record does not show that Dade Circuit Court, at the term the indictment was found, had jurisdiction ; because there is no record showing when said court had adjourned to or to. what time.

1. There is nothing in these causes to support the motion in arrest. It does appear that the Circuit Court of Dade county did adjourn its regular October term in the year 1852, over to the 10th day of January, A. D. 1853 ; it then commenced its sessions again, and it was the regular October term adjourned. At this adjourned term, which is the same as though it were a regular daily adjournment of the same term from October to January, had nothing intervened to prevent it, the second grand jury was impannelled. This grand jury was to inquire into offences discovered since the last grand jury had been discharged. This grand jury indicted Henry Barnes, the defendant, and there cannot be a doubt of the jurisdiction of the court in which the indictment was found. The record plainly shows when the regular October term was adjourned to, namely, the 10th January, 1853, and it also as plainly shows that on that day the court met pursuant to adjournment.

These being the only matters relied on for arresting the judgment, the court below very properly overruled the motion.

We have examined these causes assigned in the motion for an arrest of the judgment, and also have examined the indictment. In the opinion of this court, the indictment is sufficient. There being no exceptions taken to any other act of the court below, and there being no reason why its judgment should be arrested, this court affirms the judgment of the Polk Circuit Court, and orders the same to be carried into execution; Judge Scott concurring.