Dulle v. Deimler.

DULLE, Defendant in Error, v. DEIMLER, Plaintiff in Error.

1. A special adjourned session of a court, although it may with propriety be said to be a continuance of the regular term, since its object is the completion of the business of the regular term, is a separate and distinct term of the court. Should such a special adjourned term be appointed and a cause be continued thereat at the cost of the party applying for such continuance, this order, properly construed, would embrace the costs of such adjourned term only and not those of the previous regular term.
2. Should the clerk in such case, in issuing execution for costs, include the costs of the regular term, the court may at a subsequent term order a retaxation of the costs.

*Error to Cole Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Parsons*, for plaintiff in error.

I. The court having adjourned over from August until November, all its proceedings in the latter month were but the proceedings of the regular August term. The court was authorized to hold the court in November in continuance of the regular term. (R. C. 1855, p. 540, § 48.) No additional process was required to enforce the appearance of witnesses or parties. The effect of the adjournment was the same as if the court had adjourned over from Saturday until the following Monday. The judgment for costs covered the costs that accrued in August. (R. C. 1855, p. 1260.) The court had no power to alter, amend or review its judgment at a term subsequent to that at which the judgment was rendered. (Hill v. City of St. Louis, 20 Mo. 586.) The judgment for costs having been rendered at the August term, 1857, could not be revised or modified at the August term, 1858.

*Gardenhire & Lay*, for defendant in error.

I. The continuance granted to Dulle rendered him liable only for the costs occasioned thereby—the costs of the term at which the continuance was granted. The costs of the August term were occasioned by want of time to try the case. Dulle was then ready for trial. Having ultimately gained the case, it would be manifestly wrong to make him pay the costs of that term. The payment of the costs of the adjourned session of November by Dulle will place his adversary in precisely the same condition as if no continuance had been granted.

II. The "special adjourned" session of November, though in continuance of the regular term, was a distinct term recognized by law as such, and unlike an adjournment from day to day, or from Saturday till Monday, during a regular term. There was no court between the termination of the regular term in August and the commencement of the adjourned session in November.

III. The power of the court to set aside its own judgment at a subsequent term is not involved in this case. The continuance was at Dulle's cost, but what costs were included in the order was not specified. The court gave one construction; the court, on the motion to retax, gave another.

NAPTON, Judge, delivered the opinion of the court.

At a special adjourned term of the circuit court of Cole county, in November, the plaintiff, upon his application, obtained a continuance at his costs, and the clerk in taxing the costs under the order included the costs of the regular August term of which the November term was a continuance. At a subsequent term, and after a verdict and judgment for the plaintiff, the court, upon motion, directed the clerk to retax the costs, so as to exclude from the costs of the continuance in November the costs of the regular August term. This opinion was excepted to, and its propriety constitutes the only question in the case.

Dulle v. Deimler.

If the November term could be considered as a part of the August term in the same sense and to the same extent that the second week of a regular term is regarded as a part of that term, notwithstanding an adjournment from Saturday until Monday, the costs accruing in August as well as November would undoubtedly fall upon the party procuring a continuance. But we do not so consider it. A *special* adjourned session of a court is as much a distinct and separate term as a special term called to try criminals, or a regular term which is fixed by law. During a regular term of the court, parties are required to be ready to proceed with the trial on any day which may suit the convenience of the court, subsequent to the day for which the case is docketed; but after the court has adjourned to the next regular term, or to a special adjourned term, as a matter of course no such liability to be called in the interim exists. Although an adjourned special term may with propriety be said to be in continuance of the regular term, because its object is to complete the business which the court is unable to go through with at the regular term, yet it is a distinct and separate term, and so it is the practice to note it in the record kept by the clerk. That parties and witnesses are required to appear without any additional process, may be so; but this is because of the character of the order of adjournment, which is, for convenience, expressly or impliedly made to embrace this additional requisition. As the parties are in court and their witnesses, or presumed so to be, they are subject to the orders of the court as to the time when they shall appear for a hearing. The same thing might be done where the adjournment is over to the next regular term, if the court thought proper to make such an order.

There is no express provision of the statute on this subject, but general principles of equity and the spirit of the practice act seem to warrant the order of the circuit court in this case. The costs of the adjournment in August, because of the inability of the court to finish the business of the term, ought not to fall upon one party more than ano-

ther, neither being in fault and neither responsible for the adjournment. Justice requires that the adjournment should operate as a general continuance, the costs to abide the event of the suit.

We do not perceive any difficulty in the power of the court to have the costs retaxed. Such an order constituted no revision or alteration of a judgment rendered at a previous term. The court was simply called upon to give a construction to its own order, as it related to costs, and if the clerk was mistaken, it was the right and duty of the court to correct the error.

Judge Scott concurring, the judgment is affirmed.