---o---

Leonard Bloss, Appellant, *vs.* Fred. Tacke, Respondent.

1. *Injunction—Final judgment in—Subsequent motion to dissolve, when.*—After an injunction is made perpetual by a final judgment, which is regular, the case is *res adjudicata* and the court cannot afterward entertain a motion to dissolve the injunction.

*Appeal from Buchanan Common Pleas.*

*F. T. Ledergerber,* for Appellant.

*H. M. Ranney,* for Respondent.

HOUGH, Judge, delivered the opinion of the court.

It appears from the record in this cause, that in August, 1870, on the application of Leonard Bloss, the plaintiff, a temporary injunction was granted by the Common Pleas Court of Buchanan county, restraining the enforcement by execution of a certain judgment in favor of defendant Tacke and against Bloss, alleged to have been entered up fraudulently and without authority, by one Thompson, after he had ceased to be a justice of the peace, which injunction was at the hearing, on the 3d day of February, 1871, made perpetual by a final judgment in the cause.

Afterwards on the 27th day of October, 1873, defendant Tacke filed a motion to dissolve the injunction thus made perpetual, and on the 30th day of December, 1873, the court sustained said motion and awarded damages against the plaintiff. From this judgment the plaintiff has appealed to this court.

We do not see by what authority the Common Pleas Court undertook, nearly three years after the rendition by it of a final judgment, to interfere with it in this manner.

The motion did not seek to set aside the judgment for any irregularity, but its purpose and effect was to open up and re-examine the merits of a controversy which had become *res judicata.* The court had no power to annul its judgment in this way.

The judgment is reversed ; all the other judges concur.