THE STATE v. SWEENEY, *Plaintiff in Error.*

1. **The Motion for New Trial** must be incorporated in the bill of exceptions.
2. **Temporary Judge.** *State v. Miller*, 67 Mo. 604, affirmed.
3. **Pleading, Criminal.** It is no objection to an indictment presented at an adjourned term of court held in June, that it purports in the caption to have been presented at the "June special term."
4. **Grand Jury.** The circuit court has authority to empanel the grand jury at an adjourned term.

*Error to Mississippi Circuit Court.*—This case was tried before J. D. FOSTER, ESQ., sitting as Temporary Judge.

*T. C. Spellings* for plaintiff in error.

*J. L. Smith*, Attorney-General, for the State.

HOUGH, J.—At an adjourned term of the Mississippi circuit court, begun and held on the 3rd day of June, 1878, the defendant was indicted for murder in the first degree, for the killing of one Ephraim Quinn, and at the same term was tried and convicted, under said indictment, of murder in the second degree. It appears from the transcript

that defendant was duly served with a copy of the indict-ment, as provided by law, was regularly arraigned, pleaded not guilty, and was personally present as required by the statute throughout the trial.

Numerous errors are alleged to have occurred during the progress of the trial, but as the motion for a new trial is not incorporated in the bill of exceptions, we are limited in our examination of the case to such errors as might be corrected on a motion in arrest of judgment. *State v. Marshall*, 36 Mo. 400; *State v. Connell*, 49 Mo. 282; *Collins v. Barding*, 65 Mo. 496; *Stevenson v. Saline County*, 65 Mo. 425; *Jefferson City v. Opel*, 67 Mo. 394.

The trial was had before a temporary judge, who, as the record shows, was elected in pursuance of the provisions of the act of May 19th, 1877. His authority to preside at the trial is beyond question. *State v. Miller*, 67 Mo. 604.

The indictment was preferred by a grand jury at what the record shows was an adjourned term of the court, and its sufficiency is assailed for the reason that in the caption it purports to have been presented at the "June special term." It appears in the record that the court adjourned in February until June, and the June term might, under the statute, (1 Wag. Stat., § 24, p. 421,) have been properly designated as a special or adjourned term, or on the authority of *Dulle v. Deimler*, 28 Mo. 583, as a "special adjourned" term. The defendant could not be prejudiced by the manner in which the term of the court, at which he was indicted, was designated, and the sufficiency of the body of the indictment is not assailed.

The circuit court had authority to empanel the grand jury at the adjourned term. Wag. Stat., § 13, p. 1083; *State v. Barnes*, 20 Mo. 413.

Perceiving no error in the record, the judgment of the circuit court will be affirmed. The other judges concur.

AFFIRMED.