JACKSON *et al.* v. THE ST. LOUIS & SAN FRANCISCO
RAILWAY COMPANY, *Appellant.*

Jurisdiction: JUDGMENT: COSTS. A judgment discharging a garnishee is a final and complete disposition of the cause and the court has thereafter no jurisdiction over it, and a judgment against the garnishee for costs, at a subsequent term, is, therefore, void.

*Appeal from Laclede Circuit Court.*—HON. BEN. V. ALTON, Judge.

REVERSED.

*John O' Day* for appellant.

(1) The court acquired no jurisdiction over the subject matter, and any judgment rendered by it against the garnishee was void. The statute required the sheriff to declare to the garnishee that he attached the money, chattels, etc., in its hands. R. S., sec. 419. The sheriff did not do so and having failed, the court was without authority to proceed. *Norvell v. Porter*, 62 Mo. 309. Garnishment is in the nature of a proceeding *in rem.* Drake on Attachment, secs. 452, 453. And unless jurisdiction over the *thing* is obtained, a judgment cannot be rendered against the garnishee. *Maulsby v. Farr*, 3 Mo. 439. (2) The judgment against the garnishee for costs was irregular, unauthorized and void. R. S., sec. 2535. "No judgment can be rendered against the garnishee beyond the amount in his hands, either for the principal or costs." Waples on Attachment, 385, 386. The garnishee could not be subjected to a judgment for the costs made in the proceeding. *Johnson v. Delbride*, 35 Mich. 436 ; *Zimmer v. Davis*, 35 Mich. 39. When the garnishee is discharged the costs fall on the plaintiff. Waples, 387.

No brief for respondent.

BLACK, J.—The plaintiffs, Jackson and Jackson, recovered judgment in the Laclede circuit court against A. S. Knight, and under an execution issued thereon summoned the defendant, the St. Louis & San Francisco Railway Company, as garnishee. The company made answer to the interrogatories that it was not the debtor of Knight. Plaintiffs filed their denial, setting up facts, which, if true, made the company his debtor. To this the company replied by putting in issue the matters stated in the denial. After all these pleadings had been filed, the company by leave of the court filed a supplemental answer, stating that while it was not indebted to Knight at the time of the service of the garnishment, still there was a dispute pending between them which resulted in litigation, and to save costs, etc., it agreed to pay him one hundred dollars by way of compromise. The company brought the money into court and asked to be discharged. Knight, though brought into court, made no claim for the money, and the supplemental answer of the garnishee not having been denied by the plaintiffs, the court gave judgment discharging the garnishee with five dollars costs for filing answer. The court at the subsequent term, and on the motion of the plaintiffs then filed, entered a judgment in favor of plaintiffs and against the garnishee for all costs in the case. From this judgment the garnishee appealed.

Where the clerk of a court fails to enter the judgment pronounced, or enters up one not in fact rendered, it is undoubtedly within the power and proper province of the court, at a subsequent term, to make the judgment conform to the facts by an entry *nunc pro tunc*. *Belkin v. Rhodes*, 76 Mo. 643. But this is not the case here. The motion for judgment for costs, made at the subsequent term, was based upon facts not even before

the court when the garnishee was discharged. The judgment discharging the garnishee was a final and complete disposition of the cause. The court thereafter and at a subsequent term had no jurisdiction of the case. The judgment against the garnishee for costs is, therefore, void. *Danforth v. Lowe*, 53 Mo. 217; *Bloss v. Tacke*, 59 Mo. 174; *Wooldridge v. Quinn*, 70 Mo. 370. The court may, at a subsequent term, re-tax costs under the judgment before made. *Dulle v. Deimler*, 28 Mo. 583. But that is a different thing from rendering a judgment for costs.

The judgment is, therefore, reversed. The other judges concur.