BERBERET v. BERBERET *et al.*, *Appellants*.

Division Two, January 19, 1897.

136   671
88a  514

136    671
e176   449
176    451

Appellate Practice: ABSTRACT OF RECORD: PRINTING. Allowance by the supreme court, under Revised Statutes, 1889, section 2253, for cost of printing the abstract of record requires judicial action, and the application therefor must be made at the term of court at which the final judgment is rendered or within the ten days thereafter allowed for filing motions for rehearing or for modifications of judgments.

*Application for Cost of Printing.*

DENIED.

GANTT, P. J.—At the October term of this court for the year 1895 the appeal in the above entitled cause was heard and determined and a rehearing denied. On

the twenty-first day of November, 1896, of the present term, after the October term, 1895, had finally adjourned and the April term, 1896, had intervened, the appellants in said cause filed an application in this court for an allowance for the cost of printing their abstract. Their claim is that they are entitled to this item under section 2253, Revised Statutes, 1889. Notice having been given of the application, respondent opposes the allowance on the ground that this court after the lapse of the October term, 1895, lost all jurisdiction to allow this bill and make it a constituent part of the judgment rendered herein at said term.

As section 2253 is constantly before us for review, it is considered proper that we should make a written minute of our reasons for denying this motion.

It was ruled in *Dulle v. Deimler*, 28 Mo. 583, that the courts of this state might retax costs at a subsequent term under judgments made at prior terms. That opinion was predicated upon the fact that the court had adjudged the costs and the subsequent retaxing was not a revision or alteration of the judgment but was the act of the court correcting the mere ministerial act of the clerk who had through misapprehension of the court's order improperly taxed the adjudged costs.

Subsequently in *Ladd v. Couzins,* 52 Mo. 454, it was held that an allowance to a garnishee can not be taxed after the lapse of the term at which final judgment is rendered in a cause. The statute required the court to allow the garnishee a sum sufficient to indemnify him for his time and expense and a reasonable attorney's fee. It was evident that this allowance called for judicial action and this the court could only exercise before the adjournment of the term at which final judgment was rendered. To the same effect is *Jackson v. Railroad,* 89 Mo. 104.

The allowance for printing is very similar to an allowance to a garnishee. It requires judicial action and can only be had during the term.

We have been confirmed in our view of this section by the very satisfactory and thorough discussion of the same point by the Kansas City court of appeals in *Wilson v. Stark*, 47 Mo. App. 116, in which the majority of that court reached the conclusion to which we have come.

The application for costs to be allowed for the first time and the amount of which must be first determined by the court must be made during the term at which final judgment is rendered or in this court within the ten days allowed for filing motions for rehearing and modification of judgment which time is *pro hac vice* an extension of the term for those purposes. The cost of printing is denied. SHERWOOD and BURGESS, JJ., concur.