BY THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

### MARCH TERM, 1898.

---

### ASSIGNMENT OF GREGG, FELL & WOLFE.

Kansas City Court of Appeals, March 7, 1898.

Equity: INTERPLEADER: RELIEF OF ASSIGNEE. Where an assignee for creditors under a bill of interpleader with the consent of the creditors pays money into court, he is relieved from all responsibility for the disposition of the money and the court directs its payment. Suggestions as to allowance of cost.

*Error to the Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED AND REMANDED.

SCOTT J. MILLER for appellant.

FRANK SHEETZ for respondent.

ELLISON J.—The assignee had in his hands a certain fund amounting to $1,245.20. It arose from a sale of goods which had been assigned to him for the

(58)

benefit of creditors. It was claimed by mortgagees under a chattel mortgage. It was also claimed by the general creditors of the assignor. The STATEMENT. assignee in order to make himself safe in paying out the fund filed his bill of interpleader, requiring the contending parties to interplead for the money. They did so and the judgment being against the mortgagees, they appealed to this court where the judgment was affirmed. 67 Mo. App. 554. Before that appeal was taken the assignee asked that he be allowed to pay the money into court pending the litigation. His request was granted by the court, ordering it paid to the clerk of the court. After the case was affirmed here, the assignee filed a motion that the court order the clerk to turn the fund back to him. The court refused to make the order but on the contrary directed the clerk to pay it out to the general creditors in whose favor the judgment had gone on the interplea as before stated. The assignee excepted to the action of the court and has brought the case here by writ of error.

When the money was paid into court on the application of the assignee, the creditors consenting thereto, the assignee was relieved of all responsibility as to the disposition of the money and the court had the jurisdiction to direct to whom it should be paid. This is the common practice and understanding in matters pertaining to the equity powers of the court.

Judging from expressions in briefs of counsel, the assignee claims some interest in the fund as expense money in the administration of the trust. We have no means of knowing what merit there might be in the claim and can not adjudicate it in this proceeding. If there are other available moneys or assets in the hands of the assignee, he could yet be allowed whatever the law would warrant the court in granting him. If there are no other funds it may be he should have

protected himself in originally paying the money into the court, by reserving an amount sufficient therefor. Or it may be he should have asked for an allowance out of the fund for whatever, by law, he should, in justice, have, instead of asking that the whole sum be returned to him.

These remarks are merely speculative, being suggested by statements in the briefs of counsel. But on the record, as made and presented here, we are of the opinion the trial court did not commit error and the judgment will be affirmed. All concur.

On further consideration we conclude to reverse the judgment and remand the cause to the end that, if the assignee has a claim against the fund which may properly be charged against the fund, he may have an opportunity to make his showing, in that respect, to the trial court. If it be found that he should have an allowance out of the fund the remainder will be distributed to the creditors instead of the whole fund. The other judges concur.