P. R. VAN FRANK, Trustee, etc., Appellant, v. ST. LOUIS, CAPE GIRARDEAU & FT. SMITH RAILROAD COMPANY et al., Appellants, ROBERT G. RANNEY, Commissioner, Respondent.

St. Louis Court of Appeals, April 23, 1901.

1. Commissioner, Compensation of: FIXED BY THE DECREE: SERVICES SPECIFIC: NO CHANGE OF DECREE AT SUBSEQUENT TERM. The compensation allowed commissioner was fixed by the decree at the time of his appointment, for specific services to be thereafter rendered; for such services the compensation was adjudicated, and this adjudication could not be modified by the compensation being increased or diminished at a subsequent term, unless the court retained jurisdiction of both the commissioner and the subject-matter of his compensation by some other provision found in the decree.

2. ————: OTHER AND DIFFERENT SERVICES: FOR THEM, SHOULD BE COMPENSATED. The commissioner was afterwards, by order, made the agent and officer of the court to perform services separate and apart from his duties as commissioner, and it was clearly within the jurisdiction and discretion of the court to allow him compensation for these different services, which were necessary to be performed in order to carry out the terms of the decree.

Appeal from Cape Girardeau Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*R. E. Rombauer* for appellant.

(1) The judgment is erroneous upon the record. The court erred by increasing, at a subsequent term, the commis-

sioner's compensation.   Such compensation was fixed by the
decree, became part of the judgment and could not be dis-
turbed unless the decree was vacated first.   Costs which are
judicially taxed can not be retaxed at a subsequent term.
Mann v. Warner, 22 Mo. App. 577; Bosley v. Parle, 35 Mo.
App. 232, 236; Wilson v. Stark, 47 Mo. App. 116; Ladd et
al. v. Couzen's Garnishee, 52 Mo. 454; Schawacker v.
McLaughlin, 139 Mo. 333.   (2)   This being error apparent
upon the face of the record, no motion for new trial or bill of
exceptions was necessary to save the question for review on
appeal.   In re Garrison v. Trust Company, 77 Mo. App. 333;
State v. White, 61 Mo. 441; McKenzie v. Donnell, 151 Mo.
431; Emmons v. Gordon, 125 Mo. 645; State ex rel. v. Scott,
104 Mo. 26; Land Company v. Bretz, 125 Mo. 418.

*Robert L. Wilson* for respondent.

(1)   As the circuit court, in its decree, retained juris-
diction of the cause, it had the inherent power to make the
allowance to its commissioner for extra services not specified in
its direction, and will retain jurisdiction for every purpose
necessary to the final settlement of every matter involved.
Allen v. Elder, 2 Am. St. Rep. 63; Jordan v. Harrison, 46
Mo. App. 172; Woodard v. Martin, 106 Mo. 324; Nelson v.
Betts, 21 Mo. App. 219; Lockland v. Smith, 5 Mo. App. 153.
(2)   But if the trial court, upon the application of the com-
missioner for an additional allowance for extra services, after
his report of sale and approval of the same, and after hearing
evidence, made to the commissioner an allowance for $500, and
the appellant by bill of exception does not bring that evidence
before the appellate court in order that the application of the
commissioner and the order of the court could be fully re-
viewed, as to whether the trial court exercised an unsound

discretion, the appellate court will presume that the trial court did exercise a sound discretion, and that the order of allowance was properly made and will not disturb it.    Porth v. Gilbert, 85 Mo. 125; Churchman v. Kansas City, 49 Mo. App. 366; Greene v. Boos, 31 Mo. App. 131; Jeffers v. Rudloff, 5 Am. St. Rep. 654; Dowagiac M. Co. v. Gibson, 5 Am. St. Rep. 697; Bank v. Perry, 2 Am. St. Rep. 228; Mercer v. Corbin, 10 Am. St. Rep. 76; Randolf v. Bloomfield, 14 Am. St. Rep. 268.

BLAND, P. J.—In a proceeding had in the circuit court of Cape Girardeau county, wherein Leo Doyle, trustee in certain five mortgages of the St. Louis, Cape Girardeau & Ft. Smith Railroad Company, was plaintiff and said Railroad Company and others were defendants—such proceedings were had that on January 7, 1899, a decree was rendered by that court foreclosing the mortgages and ordering the sale of the railroad and all property described in the mortgages, for the payment of preferred claims against the railroad company and the bonds secured by the mortgages.    By section 44 of the decree it was "ordered, adjudged and decreed that Robert G. Ranney be and he is hereby appointed commissioner to execute this decree and make the sale aforesaid and that he report to the court with all convenient speed his actions and doings in the premises.    Said commissioner shall receive the sum of $500 in full for all his services in the premises."    On the second day of May, 1899, all the property of the railroad company was sold under the decree of foreclosure by Ranney the commissioner, for $425,000, to Albert S. Bard as trustee for the bondholders under the Mercantile Trust Company.    Bard immediately conveyed all the property to the Southern Missouri and Arkansas Railroad Company, a Missouri corporation, founded by and in the interest of the Mercantile Trust

Company consolidated mortgage in pursuance of a scheme of reorganization. The sale made by Bard was duly approved by the circuit court at the May term, 1899. So much of the purchase money of the railroad as is needed for the discharge of obligations superior to the five mortgages, has been and is being furnished by the bondholders under the Mercantile Trust Company mortgage and whatever remains of such purchase money after discharging such obligations is to be credited on such mortgage bonds. After the approval of the sale and at the same term, to-wit: May term, 1899, the circuit court made the following order to-wit: "On motion it is ordered by the court that Robert G. Ranney, commissioner in this cause, out of the funds in his hands arising from the sale of the property by him made, pay the costs of publication and the advertisement of sale as shown by his report, the costs of executing the deed to be by him made including the costs of revenue stamps thereto to be affixed, his own compensation heretofore allowed in the sum of five hundred dollars, the costs of the clerk and sheriff, to Jefferson W. Limbaugh, referee, the sum of five thousand dollars, heretofore allowed him in this cause, which shall be in full of all services by him rendered or to be rendered them, to F. E. Burroughs, special referee, twenty five dollars and next apply the balance of said sum to the payment of all labor and wage claims incurred by the receiver in said cause and now due and owing and the balance, if any remain, to the payment of voucher claims against the receiver for materials and supplies." At the August term, 1899, of the Cape Girardeau Circuit Court, Ranney filed the following motion:

"Now comes Robert G. Ranney and moves the court to allow him additional compensation for his services as commissioner and for reason says that in addition to the selling of the property for which he was appointed, he has performed

additional and extra services in disbursing the funds in hands, and has had to go over and audit all claims paid by the purchasers of said road.

"R. G. RANNEY, Commissioner."

This motion was continued to the January term, 1900, of the court, when it was taken up, evidence was heard and the following order was made:

"On the sixth day of January, 1900, it being the sixth day of the regular January term, 1900, and during the sitting of said court said motion was taken up for hearing, and after hearing testimony of witnesses as to the additional and extra services rendered by Robert G. Ranney, as said commissioner, the court allowed said commissioner the sum of five hundred dollars for said extra services."

To reverse this order the appeal was taken. Pending the appeal Leo Doyle died and the cause has been revived in the name of Van Frank, Doyle's successor as trustee.

Section 40, on page 32 of the printed decree provides that "the purchaser or purchasers shall, as a part consideration of the purchase, take the property upon the express condition that he or they will pay off and satisfy any and all claims now pending and undetermined in this court, filed as interventions or otherwise in this suit," etc. "And for the purpose of enforcing all the provisions of this decree jurisdiction of this cause is retained by this court with right to retake and resell and for the purpose of enforcing compliance of payment of demands, costs of expenses."

Section 45, of the decree is as follows: "All questions not hereby disposed of, or determined, including the discharge of the receiver and the approving of his accounts are reserved for future adjudication, and the court hereby expressly reserves for further consideration and decree all other matters

pertaining to said cause not herein expressly adjudged and decreed."

Section 31, of the decree, on pages 24, 25 and 26, orders the sale of the property of the railroad company, the appointment of a commissioner to carry out the sale, the place of sale, the manner of advertising the sale.

Sections 31, 32, 33, 34, 35 of the decree give specific directions as to manner, time and terms of the sale to be pursued by the commissioner.

Before and at the time of the foreclosure proceeding the railroad was operated by a receiver. The expense of operation by the receiver seems to have exceeded the income from the road, and there was a large amount of claims due to the employees of the road and to persons who had furnished supplies and material to the receiver for the road. These claims, after allowance by the referee, were given a preference by the decree and it was for the payment of these claims, that the commissioner was allowed the additional compensation of $500. It is not contended by the appellant that the allowance is disproportionate to the services rendered, but the contention is that the allowance at the May term, 1899, of $500 to the commissioner in full for his services was a final adjudication of the matter and that the circuit court was without jurisdiction to change or modify this portion of its judgment at a subsequent term. The compensation allowed the commissioner was fixed by the decree, at the time of his appointment, for specific services to be thereafter rendered. For these services, therefore, the compensation was adjudicated and this adjudication could not be modified by being increased or diminished at a subsequent term unless the court retained jurisdiction both of the commissioner and of the subject-matter of his compensation by some other provision found in the decree.

Vol 88 app—33

Berberet v. Berberet, 136 Mo. 671; Schawacker v. McLaughlin, 139 Mo. l. c. 345; Wilson v. Stark, 47 Mo. App. 116; Bosly v. Pearl, 35 Mo. App. 236; Mann v. Warner, 22 Mo. App. 577. Section 40 of the decree provided that the purchaser, as a part consideration of the purchase, should pay and satisfy all claims then pending and undetermined in the court filed as interventions or otherwise. And the court retained jurisdiction of the case for the purpose of enforcing this provision of its decree—as it was its duty to do. Under the terms of this provision it was made a part consideration of the purchase that the purchaser should pay these claims. And it has furnished and continues to furnish the money to pay them, but there is no paymaster appointed by the decree to hunt up and pay the numerous holders of these claims. Nor was it necessary to appoint one until a sale had been made and approved. At the time this was done, the court delegated this duty to Ranney as commissioner. That the court had the jurisdiction to appoint some one to perform this service there can be no doubt. The propriety of making the appointment rested solely with the circuit court. The service was not an incident to the office of the commissioner, nor is it within the scope of his duties as set forth in the original decree, and clearly was not taken into account by the court when it fixed the commissioner's compensation at $500. The commissioner had not been discharged prior to the May term, 1899. He was still an officer of and under the jurisdiction of the court. The court expressly retained jurisdiction over the claims and subject-matter which are embraced in the May order. In this state of the case, Ranney was appointed to carry out a portion of the decree of the court, in nowise connected with the sale or any step to be taken by the commissioner as such. And the fact that in the order of his appointment he is designated commissioner, does not change or alter the nature of the ser-

vices ordered to be performed.  He was the agent or officer of the court to perform services separate and apart from his duties as commissioner.  To allow compensation for these services was clearly within the jurisdiction and discretion of the circuit court.

The judgment is affirmed.  All concur.