THE STATE OF MISSOURI, Respondent, v. EDWARD BUTLER, Appellant.

Kansas City Court of Appeals, June 4, 1906.

1. **COURTS: Adjourned Term: Continuance: Statute.** An adjourned term of a regular term of the same court is an "adjourned session" of the term, but the words "adjourned term" are used to mean an adjourned session; and the courts under the statute may continue a cause from the regular to the adjourned session.

2. **JUDGMENTS: Jurisdiction: Collateral Attack: Costs: Execution.** Where a court has jurisdiction of the person of a party and also of the subject matter, its judgment for costs is final and conclusive and not subject to attack in a collateral proceeding to quash an execution.

Appeal from Boone Circuit Court.—*Hon. E. W. Hinton,* Special Judge.

AFFIRMED.

*T. J. Rowe* for appellant.

(1) There is no law which authorizes, directs or permits the regular judge of a circuit court to hold an adjourned term. R. S. 1899, secs. 1718, 1727; Laws 1901, sec. 1727.    (2) On October 15, 1902, the trial of the case was not continued from one term to another term, but the trial was postponed from October 15, 1902, one day during the October term, 1902, of the court to November 10, 1902, another day during the October term, 1902, of the court.    (3) Defendant's application for a continuance was denied and the costs of the postponement of the trial of the case from one day to another day could not be taxed against him.    (4) No costs are allowed by the common law. They are creatures of the statute and must be paid in the amount and in the manner specified in the statute. Dempsey v. Schawacker, 62 Mo. App. 167; Hoover v. Railway, 115 Mo. 77; St. Louis v. Menitz, 107 Mo. 615; Shed v. Railroad, 67 Mo. 687; Thompson v. Elevator Co., 77 Mo. 520; Ring v. Vogel P. & G. Co., 46 Mo. App. 374.    (5) The taxation of the costs of the October term, 1902, against defendant was illegal and void because there is no statute in this State which permits, authorizes or directs such taxation. R. S. 1899, secs. 2599; R. S. 1899, sec. 682; State v. Barker, 63 Mo. App. 535; Farmer v. Plummer, 30 Mo. App. 25; State v. Brigham, 63 Mo. 258; State v. Hams, 59 Mo. 550.

*F. G. Harris* for respondent.

(1) "The granting of a continuance rests greatly in the discretion of the court trying the cause"—and a continuance may be granted as well to an adjourned

term as to a regular term. State v. Harris, 59 Mo. 551. (2) This was not a postponement of this case from one day to another of the same term. But as the record shows it was a continuance from the October term to an adjourned term, held the following November—granted on application of defendant. And was distinct and separate from the regular October term. Dulle v. Deimler, 28 Mo. 585. (3) The purpose of a continuance is to enable a party to get ready for trial and obtain the attendance of his witnesses, and if that can be done as well at an adjourned term as a regular term, then the object sought for in the application is accomplished. State v. Harris, 59 Mo. 551. (4) At the time of the continuance of this case from the October term to the November adjourned term a judgment was rendered by the court against the defendant for all costs of said continuance. And the defendant made no objection, nor saved any exception to the ruling of the court. Keene v. Sappington, 115 Mo. App. 33. (5) Instead of defendant asking for bread and receiving a piece of macadam for which he was charged $507 as contended by attorney for appellant, we think the court gave the defendant all that he asked, i. e. a continuance to a day at which he could have his witness present in court to testify. This is what the court gave him and it was all that he was entitled to. And under the law of this State he must pay the costs of this continuance, granted upon his application. R. S. 1899, sec. 2599; State v. Barker, 63 Mo. App. 535; R. S. Mo. 1899, sec. 682.

BROADDUS, P. J.—On the 17th day of June, 1902, the cause out of which this arose was pending in said court and was set down for trial for the 13th day of October for that year, it being the first day of the October term. On the 15th day of October, the defendant filed an application for a continuance until the next regular term of the court, alleging as a ground therefor the

absence of a material witness. A continuance was granted, but not to the next regular term of the court, but to a subsequent day in the same term. The order of continuance is as follows: "The defendant then files his application under oath, for a continuance of the cause, and after duly considering the same, the court doth order that this cause be continued to an adjourned term to be begun and holden . . . on Monday, the 10th day of November, A. D. 1902 . . . " Following the order of continuance is a judgment in favor of the State against the defendant for all the costs of the term and an order that execution issue therefor.

On March 8, 1904, an execution was issued by the clerk of the court in favor of the State against the defendant for $507, the amount of the costs which had accrued at said October term. On the 15th day of the month, defendant filed his motion to recall and quash said execution because the same was illegally issued, which was overruled and defendant appealed.

Defendant contends that there was and could be no adjourned term of the October term of said court, but that in fact it was the same term. That the cause was merely postponed and not continued and, therefore, he was not liable for said costs, as the statute only contemplates that costs shall be adjudged only where there has been a continuance.

It is true that, properly speaking, there can be no adjourned term of a regular term of the same court, and the expression should be "an adjourned session" of the term, yet the courts are not always governed by such niceties of language and when they use the words "adjourned term," the meaning is an "adjourned session" of the same term.

Our Supreme Court has decided that an adjourned term of a court may be held [State v. Harris, 59 Mo. 550.] It is there also held that a continuance may be had of a cause to such term. The court uses the following language: "The granting of a continuance rests

greatly in the discretion of the court trying the cause, and where an adjourned term is about to be held, it may well be made to apply to that term, if the witness can be procured by that time, and it does not by any means follow that a continuance can only be allowed to a general term."

In Dulle v. Deimler, 28 Mo. 583, the court says: "Although an adjourned special term may with propriety be said to be a continuance of the regular term, because its object is to complete the business which the court is unable to go through with at the regular term, yet it is a distinct and separate term, and so it is the practice to note it in the record kept by the clerk." Section 2599, Revised Statutes 1899, provides for a continuance of a criminal case for good cause shown, and also provides that it shall be at the cost of the party at whose instance it is granted, unless the court otherwise directs. As the defendant obtained a continuance, as the law views it, and was taxed with its costs, we do not see how he can evade its payment.

And for a further reason defendant is in no condition to dispute the validity of said costs. The court had jurisdiction of his person and the subject-matter and its judgment against defendant therein was final and conclusive, and is not subject to attack in a collateral proceeding to quash execution issued thereon.

Affirmed. All concur.