WILLIAM C. LITTLE et al., Respondents, v. ST.
LOUIS TRUST COMPANY et al., Defendants;
NATIONAL BANK OF COMMERCE, Appellant.

St. Louis Court of Appeals, January 18,- 1910.

1. JUDGMENTS: Bill of Interpleader: Fixing Allowance for At-
torney's Fee After Final Judgment: Reservation of Right in
Judgment. In a cross-bill of interpleader, where the decree
sustained the bill and allowed defendant costs and counsel
fees to be afterwards fixed and ordered by the court and to
be paid out of the funds deposited by the defendant, the court
had power at a term subsequent to that at which said decree
was rendered to tax an allowance for costs and counsel fees
in favor of defendant.

2. ———: ———: ———: No Reservation in Judgment. The
court would have power to tax an allowance for costs and
attorney's fees, whenever they could be ascertained and at a
term subsequent to that at which the decree was rendered,
even though the court did not reserve such right in the decree.

Dissenting Opinion by Reynolds, P. J.

3. ———: Final Judgment: Failure to Tax Costs. The fact the
circuit court did not tax costs and attorney's fees in favor of
the defendant, while the cause was within its jurisdiction,
would not make the judgment any less a final one.

4. JURISDICTION: Appeal: Effect of. When an appeal is granted
from the circuit court, that court loses all jurisdiction of the
cause.

5. JUDGMENTS: Bill of Interpleader: Fixing Allowance for At-
torney's Fee After Final Judgment: Reservation of Right in
Judgment Beyond Power of Court. In a cross-bill of interplead-
er, where the decree sustained the bill and allowed defendant
costs and counsel fees to be afterwards fixed by the court and
to be paid out of the funds deposited by defendant, the reser-
vation of the right to tax costs and counsel fees after the rendi-
tion of the decree was beyond the power and jurisdiction of
the court.

6. ———: ———: ———: Motion for Allowance After Appeal
Granted Will not Lie. In such a case, after an appeal is grant-
ed and the court has thereby lost jurisdiction of the cause, an
allowance for costs and counsel fees in favor of defendant may
not be made on motion.

Appeal from St. Louis City Circuit Court.—*Hon. Matt. G. Reynolds* and *Hon. Wm. M. Kinsey,* Judges.

AFFIRMED AND CERTIFIED TO SUPREME COURT.

*George L. Edwards* and *Edward D'Arcy* for appellant.

(1) A decree which does not dispose of the question of costs is merely interlocutory where "the reservation or suspension requires the matter to be brought before the court again." "In view of our statutes and the decisions upon them, the question is, how far the costs rest in the discretion of the court, when sitting as a court of equity or of law. Bank v. Reilly, 8 Mo. App. 548; R. S. 1899, secs. 990, 1002 (now 1547, 1559); Williams v. Field, 2 Wis. 421, 60 Am. Dec. 426; French v. Ice Co., 82 Ill. App. 318. (2) "The true rule seems to be that, if that which remains to be done or decided, will require the action or consideration of the court before the rights involved in the cause can be fully and finally disposed of, the decree is interlocutory; but, it is none the less final if, after settling the equities, it leaves a necessity for some further action or direction of the court in execution of the decree as it stands." 1 Black Judg., sec. 41, n. 158; Cocke's Admr. v. Gilpin, 1 Rob. (Va.) 20; Williams v. Field, 60 Am. Dec. 428, n.; Dickerson v. Codwise, 11 Paige (N. Y.) 189; Guardian Sav. Bank v. Reilly, 8 Mo. App. 544; Deickhart v. Rutgers, 45 Mo. 135. (3) Where the taxing of costs or fees requires judicial action, the amount thereof must be definitely fixed at the term of the court at which judgment is ordered. State ex rel. v. Railroad, 176 Mo. 443; Wilson v. Stark, 47 Mo. App. 116; Ladd v. Couzins, 52 Mo. 454; Jackson v. Railroad, 89 Mo. 104; Berberet v. Berberet, 136 Mo. 671; Schawacker v. McLaughlin, 139 Mo. 333; 1 Black Judg., sec. 44, p. 64; Bank v. Reilly, 8 Mo. App. 544; Johnson v. Everett, 9 Paige (N. Y.) 636; Beebee v. Russell, 19 How. 283. (4) It is the duty of the court to award costs to "the prevailing party"

whether at law, or in equity, and the prevailing party should see to it that costs are settled and awarded in the judgment or decree. R. S. 1899, sec. 1547; Bank v. Reilly, 8 Mo. App. 544; Dupont v. McLaren, 61 Mo. 502; Hawkins v. Norland, 53 Mo. 328; see Perez v. Fern dez, 202 U. S. 80. (5) A party entitled to costs must make application to have them taxed, and judgment is not perfect till costs have been taxed and inserted therein, nor is the cause appealable till then. Ballow v. Railroad, 53 Wis. 150; Smith v. Hart, 44 Wis. 230; Lentilhorn v. New York, 3 Sandf. 721; McMahon v. Allen, 7 Abb. Pr. (N. Y.) 1, 11 Cyc. 154. (6) A decree awarding an interpleader is the final decree in the case, so far as the stakeholder is concerned. Duke, Lennon & Co. v. Duke & Woods, 93 Mo. App. 250; Rosselle v. Bank, 119 Mo. 92. (7) A party cannot be heard to impeach a judgment which he himself has procured to be entered in his own favor or upon which he is relying. Starbuck v. Starbuck, 173 N. Y. 503; Taylor v. Crook, 136 Ala. 354; Bailey v. Bailey, 44 Pa. 274; 2 Hughes on Procedure, p. 748; Matter of Swales, 60 App. Div. 599, 172 N. Y. 651; Matter of Morrison, 52 Hun 102, 117 N. Y. 638; Kinnier v. Kinnier, 45 N. Y. 535. (8) He is not to be heard who alleges facts contradictory to each other. 2 Hughes on Proc., p. 423; Bro. Max, 169-174, 294, 711; Bish. Conts., 880, 264-311; 2 Lang. Conts., 1088; Bank v. Jones, 13 Wash. 285; Dickson v. Cole, 34 Wis. 621. (9) A man who obtains a judgment by representing an act or adjudication in one aspect, will be precluded from giving it a different and inconsistent character subsequently. Hayes v. Gudykunst, 1 Pa. St. 220; Varick v. Edwards, 11 Paige 289; 2 Hughes Proc., 423; Smith v. Hodson, 4 Term Rep. (D. D.) 211; Connihan v. Thompson, 111 Mass. 270; Bradley v. Brigham, 149 Mass. 141. (10) He who will not speak when he should, will not be heard to speak when he would. Pitman v. Mining Co., 78 Mo. App. 438-41. (11) *Cessante ratione, cessat ipsa lex.* Costigan v. Transf. Co., 38 Mo.

App. 224; Houser v. Anderesch, 61 Mo. App. 15; State ex rel. v. Perkins, 139 Mo. 106. (12) *Interest republicae ut sit finis lithium*, applied to a case too many times in the appellate court. Barnard School Dist. v. Matherly, 103 Mo. App. 337.

*T. F. Chaplin* and *J. M. Blayney, Jr.*, for respondents.

(1) The mandate of the Supreme Court affirming the judgment of the circuit court "in form" and "in all things" is *res adjudicata* on the right of the circuit court to make the reservation of attorneys' allowances, and on the right of the circuit court subsequently to allow the same. (2) The appellant failing to object to the form of the decree or the right of the circuit court to make the reservation of attorneys' allowances therein, either at the time the decree was entered or in the Supreme Court, is now estopped from raising the question. (3) An interpleader proceeding is governed by the broad doctrines of equity. Robards v. Clayton, 49 Mo. App. 608; Little v. Trust Co., 197 Mo. 281; Freeman on Judgments, sec. 24. (4) A court of equity has absolute discretion upon all questions of costs. Supreme Council v. Nidelet, 85 Mo. App. 283. (5) In interpleader suits no final judgment can be entered on the question of costs until the rights of the claimants to the fund are ultimately determined and until that time the question of costs remains in the bosom of the court. Maclennan on Interpleader, p. 323. (6) (a) An allowance by way of costs to referee or to counsel may be made at a term succeeding the term when the final judgment or decree is entered. State ex rel. v. Building & Loan Assn., 102 Mo. App. 676; Turner v. Butler, 66 Mo. App. 380. (b) The allowance of costs in equitable actions is strictly within the discretion of the court and differs therein from the allowance of costs in law actions. Supreme Council v. Nidelet, 85 Mo. App. 283. (c) It is the practice in equitable procedure to enter

a final judgment or decree upon the substantial or material questions involved, and reserve for later consideration further questions of a collateral or incidental nature, and when such reservation is made the court retains jurisdiction of the cause and of the parties for the purposes of further action upon such reserved questions. Freeman on Judgments, sec. 24.

This appeal grew out of a suit instituted in 1902 in the circuit court of the city of St. Louis by plaintiffs in behalf of themselves and other stockholders of the Kansas and Texas Coal Company, against the St. Louis Union Trust Company, wherein plaintiffs asserted they and other stockholders of said coal company were entitled to a fund of $34,870 held by the St. Louis Union Trust Company. In response to the suit the latter company filed an answer and counterclaim in the nature of a bill of interpleader, disclaiming any interest in the fund, alleging it was claimed as against plaintiffs by the National Bank of Commerce of St. Louis, and asking to be permitted to deposit the money in court and for an order compelling plaintiffs and the Bank of Commerce to interplead for the money and that the trust company be discharged with an allowance for its costs, including a reasonable fee to its counsel. The trust company paid the fund into court, but its right to maintain a bill of interpleader and an answer in the nature of a cross-bill to compel the rival claimants of the fund to interplead for it was contested by the Bank of Commerce on the theory the bank's right to the fund was so evident as to exclude the case from the equitable jurisdiction of bills of interpleader. Said court held otherwise and, by a decree entered November 17, 1903, ordered and adjudged the plaintiffs and the Bank of Commerce interplead for the fund and that said parties be restrained from maintaining or prosecuting further proceedings against the trust company; that said company be discharged from all liability to plaintiffs and all

other parties to the suit in respect of the fund, and the trust company be allowed its costs paid or incurred, to be taxed by the clerk, a reasonable fee to its counsel for answering and prosecuting its answer and cross-bill, said fee to be fixed and ordered by the court thereafter, and that said costs, including the fee, be paid by the clerk to the trust company out of the fund in the hands of the clerk. As the language of the decree is significant, we will copy it, omitting the caption and an irrelevant paragraph:

"And now at this term, upon consideration thereof, and the court being fully advised in the premises, doth find the issues joined upon the counterclaim or cross-bill in favor of the defendant St. Louis Union Trust Company. It is therefore ordered and adjudged and decreed that the plaintiffs and all the persons and corporations heretofore by order of the court, made defendants to said counterclaim or cross-bill of the St. Louis Union Trust Company, be and appear in this court in this cause, on or before the first Monday of February, 1904, and then and there interplead with each other severally, or in such groups or associations as they may be advised, and set forth their respective rights and claims to, upon and in respect of, the certain fund of $34,870, mentioned in the said counterclaim or cross-bill, and heretofore, by leave of the court, deposited by the St. Louis Union Trust Company with the clerk and now in his hands.

"It is further ordered, adjudged and decreed that St. Louis Union Trust Company be and it is hereby allowed its costs paid or incurred by it herein and to be taxed by the clerk, and also that it be and it is hereby allowed a reasonable fee to its counsel for making its answer and bringing and prosecuting its counterclaim or cross-bill herein. Said fee to be hereafter fixed and ordered by the court and all said costs, including said fee, to be paid by the clerk to St. Louis Union Trust Company out of the said fund in the hands of the clerk.

"It is further ordered, adjudged and decreed that the defendant be and it is hereby discharged from all liability to the plaintiff and to all the other parties to said counterclaim or cross-bill or to this suit in respect of the said fund and of every part thereof, and in respect of the six hundred and thirty-four (634) shares of the capital stock of the Kansas & Texas Coal Company, standing in the name of W. P. Heath, treasurer of said Kansas & Texas Coal Company, and in respect of the certain certificate or receipt of St. Louis Union Trust Company given to said Heath, treasurer, on the seventh day of March, 1902, for said 634 shares.

"It is further ordered, adjudged and decreed that the plaintiffs and all other parties to this suit, and each and every one of them, be and they are hereby enjoined and restrained from further prosecuting or bringing any suits or suit against the said St. Louis Union Trust Company for the recovery of the said fund or in respect thereof, or upon the aforesaid certificate or receipt or in respect thereof."

An appeal was taken by the Bank of Commerce from that decree to the Supreme Court, where it came on to be heard at the April term, 1906, and was affirmed, the mandate of the Supreme Court, omitting the title of the cause, being as follows:

"Now at this day come again the parties aforesaid, by their respective attorneys, and the court here being now sufficiently advised of and concerning the premises, doth consider and adjudge that the judgment aforesaid, in form aforesaid, by the said circuit court of the city of St. Louis rendered, be in all things affirmed, and stand in full force and effect; and that the said respondent recover against the said appellant, its costs and charges herein expended and have therefor execution."

After said mandate had been sent down to the circuit court, and at the October term, 1906, the trust company filed in said court a motion for an allowance of costs and fees, averring the controversy, as far as con-

cerned the right of the trust company to interplead therein, had been finally determined by the Supreme Court of the State, motion for rehearing denied, mandate filed with the clerk of the circuit court, and averring further the trust company had expended in cash in the course of the litigation, as court costs and for other items of expense, $371.74, for which it asked reimbursement; that it had at all times been represented by counsel who were entitled to a reasonable fee for their services and praying an order of the court that expenses and attorneys' fees in a reasonable sum be taxed as costs in the proceeding and paid out of the fund deposited with the clerk. The National Bank of Commerce contested the application of the trust company for an allowance to cover its expenses and counsel fees, on the ground the circuit court had lost jurisdiction of the proceeding by rendering a final decree at the December term, 1903, and could not thereafter alter, modify or amend said final judgment or decree so as to allow costs and attorneys' fees. The application for the allowance was submitted on an agreement that if the trust company was entitled to have its costs taxed, it would be able to show it had paid out items of expense amounting to $371.74, that the amounts of the several items were reasonable and $1500 would be a reasonable fee for services rendered by its counsel in the progress of the case. This agreement as to the facts was made by the Bank of Commerce with the reservation that it should not prejudice in any manner the contention of the bank against the power of the court to allow the fees and expenses at a term subsequent to the one when final judgment had been entered. The circuit court sustained the application of the trust company, allowed it $1500 counsel fees and $371.74 as its costs, all to be taxed in the proceeding, and the National Bank of Commerce appealed from the order or judgment to this court. A full statement of the facts of the main controversy in which the contention of the bank against the right of the trust com-

pany to compel an interpleading, will be found in the report of the decision of the Supreme Court. [Little v. Union Trust Co., 197 Mo. 281, 94 S. W. 890.] Suffice to say said court held it was a proper case for interpleader and the bank was wrong in its position. The effect of the judgment and mandate of the Supreme Court was to affirm in all things the previous judgment of the circuit court in favor of the trust company, and to leave the case standing in the latter tribunal for further proceedings between the plaintiffs and the Bank of Commerce as competitive claimants of the fund.

GOODE, J. (after stating the facts).—As already said, the position of the Bank of Commerce as appellant in this branch of the case, raises only one question : Whether the circuit court had power, after the term in which the judgment was given for an interpleading, to make an order for an allowance in the trust company's .avor of its reasonable expenses and attorneys' fee. This question is to be determined with reference to several prominent facts. The decree for an interpleading did not, it will be observed, dismiss the trust company as a party to the proceeding, though it is the defendant and is adjudged to be discharged from all liability to the plaintiffs and other parties to the suit in respect of the fund in controversy. It will be observed, too, the decree contained an order for the allowance to the trust company of a reasonable attorneys' fee and its other costs incurred in the proceeding and the payment of the allowance out of the fund in the hands of the clerk. And still further it is to be observed the decree, instead of fixing the counsel fee, expressly reserved that matter for future determination in this clause: "said fee to be hereafter fixed and ordered by the court." The party which appealed from the decree before the amount had been fixed was not the trust company, but the Bank of Commerce. The remedy by bill of interpleader is, as was said by the Supreme Court in the present case, a crea-

tion of the chancery courts, and in this State of blended common law and equity jurisdiction, it is administered upon principles of equity and in some measure, at least, according to chancery procedure. The theory of the chancery courts is that a disinterested stakeholder of a fund or property who is threatened by rival claimants with actions regarding it, is not at fault in any way, and should be allowed to protect himself against two or more harassing litigations by filing a bill of interpleader, or a cross-bill of that kind if action is begun by one of the claimants before he files the bill. Occupying, as the stakeholder does, the position of a party who is not resisting any person's right in the property or fund, but is only endeavoring to ascertain who has the right, the chancery courts have always remunerated him for reasonable expenses and counsel fees incurred in the proceeding for an interpleading; which allowance is paid out of the fund in controversy and ultimately adjudged against the wrongful claimant. [Maclennon, Interpleader, p. 286 and citations.] This rule of chancery is followed by the Missouri courts. [Glaser v. Priest, 29 Mo. App. 1; Franco v. Joy, 56 Mo. App. 433.] That it is the law is not questioned by appellant, the contention being the trust company lost the right to have expenses and counsel fees allowed in consequence of the circuit court failing to fix and ascertain the amount of them in its decree for an interpleading. Counsel for appellant cite an array of cases in support of this proposition. [State ex rel. v. Railroad, 176 Mo. 443, 75 S. W. 636; Berberet v. Berberet, 136 Mo. 671, 38 S. W. 551; Jackson v. Railroad, 89 Mo. 104, 1 S. W. 224; State ex rel. v. Railroad, 78 Mo. 575; Ladd v. Cousins, 52 Mo. 454; Dulle v. Diemler, 28 Mo. 583; Wilson & Co. v. Stark, 47 Mo. App. 116; Boseley v. Parle, 35 Mo. App. 232; Mann v. Warner, 22 Mo. App. 577.] The effect of those precedents, most or all of which were given in proceedings at law, is that, costs which are specifically prescribed by a statute may

be retaxed on a motion filed after the term in which final judgment is rendered, if said judgment included the costs and they were not taxed or were erroneously taxed at the term of the judgment; but if the item of costs asked to be taxed or retaxed at a subsequent term is of a nature to require judicial ascertainment, and is not arbitrarily prescribed by law, then the court has no power to tax or retax it at a later term, because this would be to modify the final judgment in the cause; which cannot be done at a subsequent term if no motion or other proceeding has carried the matter over. There is another line of cases involving matters originally of equity cognizance, which support the proposition that expenses and allowances of the kind in controversy here may be allowed at a term after final judgment, or, at any rate, after a judgment final in the sense the one before us is; for it must be remembered the proceeding was still in court and the judgment already given, if final at all, was only so as regards the trust company and its right to invoke the remedy of interpleader. [Clark v. Hill, 33 Mo. App. 116; Turner v. Butler, 66 Mo. App. 380; Assignment of Gregg, 74 Mo. App. 58; State ex rel. Gray v. Loan Assn., 102 Mo. App. 675, 77 S. W. 171; Schawacker v. McLaughlin, 139 Mo. 333; Padgett v. Smith, 207 Mo. 235, 105 S. W. 742.]    In several of those cases the qestion was adjudged of the right to tax a referee's fees, which must be fixed by the court, after the term final judgment was given in the cause; in others the question of the power to allow an attorney's fee in a partition suit or a receivership case, and only one related to allowing costs to a party who had filed a bill of interpleader (Assignment of Gregg). Still the principle regulating the allowance in the different cases must be the same, for they all involved an order at a term after judgment for costs which were not fixed by law, but required ascertainment by the court. The most recent decision in point is Padgett v. Smith, which is conceded to be against the bank's position in

the present case, but said to conflict with prior decisions of the Supreme Court not expressly overruled by it. Wherefore it is argued those should be followed instead of it. From the statement and opinion we learn Padgett had instituted a suit against Smith, to establish a resulting trust in certain lands held by the latter and for partition of the lands. The plaintiff prevailed in the trial court where a fee was allowed his attorneys. The defendant appealed to the Supreme Court and there the plaintiff's attorney filed briefs in support of the judgment, which was affirmed. Afterwards those attorneys presented a motion to be allowed a fee for services rendered in the Supreme Court, asserting the trial court had lost jurisdiction over the cause by the defendant's appeal, and that when the judgment was entered in said court it could not have been foreseen an appeal would be taken, and even if it could have been, the reasonable value of the additional fee for services in connection with the appeal could not have been estimated. On this state of facts the Supreme Court refused to order an allowance for a fee to compensate for services rendered in said court, and held the application should be made to the circuit court, which would have jurisdiction to hear evidence about the nature and extent of the services of the attorneys, and their reasonable value, and power to allow the proper amount as costs in plaintiff's behalf. An order was entered dismissing the application, without prejudice to the right of plaintiff to apply in the circuit court. We regard that authority as controlling the case at bar, and cannot think of disregarding it. This proceeding calls even more cogently for a like ruling; because the case never has been finally determined; as even the decree for an interpleading did not dismiss the trust company from the case, and moreover, expressly reserved the right to ascertain and fix the amount of the attorneys' fee which was allowed in general terms in favor of the trust company. If we did not have the express authority of

Padgett v. Smith, we think there could be no doubt about our duty in the premises. It is said the reservation only reserved the power to fix the fee thereafter during the term; but as the bank appealed, the trust company would be entitled to a fee for services on the appeal, if not defeated, and these could not be estimated in advance, because the work which would be required could not be known. The appeal might be dismissed, or it might be prosecuted. The more reasonable interpretation of the decree is that it reserved the power to fix the trust company's fees whenever they could be ascertained. However, under Padgett v. Smith, which is in accord with Fritz v. Hobson, 14 Ch. Div. 542, the court had power to do this without a reservation.

It is worth while to remark that if the reservation was deemed erroneous, it could have been attacked in the Supreme Court and a decision taken upon its meaning and effect. If that court thought the circuit court had exceeded its power, it could have reversed or modified the decree; perhaps would have ordered the circuit court to ascertain and fix the fee, as was done in Kendall v. Marsters, 2 DeG. F. & J. 200. In the case last cited, the chancellor altered on the appeal, the judgment given by the vice-chancellor, because it contained only permission for the parties to apply to the court as they should be advised, and it was thought this reservation would not permit an application by the plaintiff for an allowance of costs. The chancellor took for granted that if such a reservation had been inserted in the decree, costs might have been allowed after the decree had been passed, and, therefore, altered the decree by inserting it. It seems to be the chancery practice in England to make orders allowing costs and expenses of different kinds, after a decree has been passed in gross, and even when the power to do so is not reserved. [2 Dan., Ch. Prac. (6 Am. Ed.), *p. 993 et seq.; Fritz v. Hobson, 14 Ch. Div. 542; see, too, Forgay v. Conrad, 6 How. 203.] And the reservation in the decree of

power to do this is regarded by said courts as not rendering the decree an interlocutory one, or preventing it from being final in the sense that an appeal may be taken from it. In Forgay v. Conrad, supra, the decree appealed from was one adjudging certain deeds fraudulent and void and directing money to be paid over to the complainant, but directing the master to take an account of the profits of the property ordered delivered from the time of the filing of the bill until it was delivered and of money and notes received by the defendant in fraud of creditors. Notwithstanding this reservation the decree was held to be final in the sense an appeal would lie from it as it decided the right of the property in contest. In the present case the Supreme Court entertained the appeal and must be taken, for the purposes of the proceeding, to have held the judgment was final in the sense that an appeal would lie from it. But if final for all purposes, according to the doctrine of Padgett v. Smith, and the rule of chancery generally, and especially in view of the reservation in the decree, the circuit court had power to tax this allowance at a subsequent term.

The judgment is affirmed. *Nortoni, J.,* concurs; *Reynolds, P. J.,* dissents.


DISSENTING OPINION.


REYNOLDS, P. J.—I am compelled to dissent from the conclusion arrived at in this case by my very learned associates. As will be noticed by the very clear statement of facts by my brother GOODE, the sole question in the case is whether the circuit court had jurisdiction, after the affirmance of its judgment by the Supreme Court, the Supreme Court neither reversing nor modifying the judgment nor remanding the cause, to enter up any other or further orders or assume any further jurisdiction in the case. Whatever may be said of

146 App.—38

the form of the judgment on which the appeal was taken to the Supreme Court, it must be held that it was a final judgment. It was so treated by all the parties in the case, was accepted and acted on as such by the Supreme Court and was affirmed by that court. That the circuit court when the cause was within its jurisdiction did not dispose of the question of costs in the case by allowing and taxing fees for the attorneys for the trust company did not render the judgment in the cause any less a final judgment. When the appeal was prayed for and granted and perfected, the circuit court lost all jurisdiction of the cause. I have always thought this elementary law in our State. The reservation in the decree of a right to tax costs thereafter, in my opinion and on an almost unbroken line of authority, was a matter beyond the power and jurisdiction of the court. [City of St. Louis v. Crow, 171 Mo. 272, l. c. 280, 281, 71 S. W. 132.] No court can in one breath dispossess itself of jurisdiction, as by allowing an appeal, and in another retain jurisdiction for any purposes. The attempt to engraft onto our practice a rule which in effect is to say, "once in court, always in court," is to my mind contrary to the spirit of our age and the practice of the courts. I think that the opinions of our Supreme Court in St. Louis v. Crow, 171 Mo. 272, 71 S. W. 132, and State ex rel. O'Briant v. K. & W. Ry. Co., 176 Mo. 443, 75 S. W. 636, are controlling and settle the propositions here put forward. It is true that in the case of Padgett v. Smith, 207 Mo. 235, 105 S. W. 742, the Supreme Court, in an opinion *per curiam* held that the circuit court that tried the cause had jurisdiction to hear evidence as to the nature and extent of the services and their reasonable value and to make a proper allowance therefor, to be taxed as costs after its judgment had been affirmed by the Supreme Court, but I find nothing in this later case to show that the question was presented to the court and adjudicated by it as to whether or not the jurisdiction still remained in

the circuit court. It does not appear that counsel were heard or that there was any opposition to the motion or that the prior adjudications of the court on the matter were in any way called to the attention of the court, and while it is true the Padgett case is the last decision of the Supreme Court on the subject, I cannot think that it is the controlling one. [M., K. & T. Ry. Co. v. Smith, 154 Mo. 300, 55 S. W. 470.] On the contrary I think that the last controlling decision where the matter was directly before the court is State ex rel. v. K. & W. Ry. Co., 176 Mo. 443, 75 S. W. 636. I do not wish to be understood as holding that a decision of the court rendered in a matter in which counsel has not been heard is not binding and authoritative. What I do mean is, that it lends some color to the claim that the court itself did not have in mind and so did not intend to overrule other decisions. Nor do I think that because the trust company cannot come in by motion in a case which is no longer before the court and recover fees for services rendered in that case, that it is entirely shut out from obtaining compensation for those services. I see no reason why action should not lie directly for the recovery of those services against the parties liable for them. My position here is, that they cannot do that by motion in a cause which is no longer in court, cannot do it in a court which has lost jurisdiction of the cause in which the motion is made. Being very clearly of the opinion that the conclusion arrived at by my learned associates is in conflict with the last controlling decision of the Supreme Court above referred to on this matter, I am compelled to ask that the cause be certified for determination to the Supreme Court.